Argued September 12, affirmed November 23, petition for
rehearing denied December 20, 1966

# STATE OF OREGON *v.* WALLACE
# WINSTON ENGEMAN

420 P. 2d 389

*Agnes Marie Petersen,* St. Helens, argued the cause and filed a brief for appellant.

*Thomas Edison,* District Attorney, Astoria, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

## PERRY, J.

The defendant was convicted of the crime of sodomy while armed with a pistol capable of concealment upon his person. From the judgment entered, defendant appeals.

The record discloses that on the evening of May 22, 1964, the defendant, who was operating a pickup truck, came upon a 16 year-old youth who was walking from Seaside to Cannon Beach. The defendant stopped his truck and offered the youth a ride and the youth accepted. As they neared Cannon Beach, the defendant produced a pistol and ordered the youth to disrobe from the waist up. The defendant then tied the youth's hands behind his head with a leather thong, turned the truck around, drove a short distance, and then turned off the main-travelled road onto a logging road. Defendant then stopped the truck and committed the criminal act charged. Upon completion of the act, the defendant dressed and then blindfolded the youth, who was now naked. The defendant then procured a shovel from his truck and when asked what he intended to do stated he hadn't decided yet. The youth offered defendant money to be released, but defendant replied if he let him go he would go straight to the police. Shortly thereafter headlights were observed coming along the logging road and defendant put the

youth in the truck. The headlights were those of an Oregon State police car operated by two state policemen making a routine check of the area. The officers noticed the naked youth in the truck with his hands tied behind him and also discovered therein the pistol, a shovel, a white T-shirt, a jar of vaseline, and a machete.

In the trial, the defendant relied upon the defense of insanity.

The defendant assigns various claimed errors as grounds for reversal. Primarily, the defendant contends that he was denied a fair trial because the district attorney in his opening statement said, "Officer Kottre will be here to testify as will Officer Ritter. We will also have Mr. Victor Berger who is the State Probation Officer here to testify." Defendant moved for a mistrial which was denied.

Defendant's contention is that by mentioning the occupation of Mr. Berger an inference was made to the jury that defendant had been involved in prior criminal activities.

Since the district attorney did not attempt to outline the evidence he expected to elicit from Mr. Berger, it was a matter of pure speculation at this point as to whether he was going to testify as to matters involving his official duties or to matters directly connected with the crime.

■ It was for the trial court to determine, in its discretion, whether this slight reference to Mr. Berger's occupation would prevent the defendant from having a fair trial, and we will not disturb that ruling.

The defendant also contends that the trial court committed prejudicial error when the shovel found in the defendant's truck was admitted into evidence over his objection.

■ The defendant argues that the admission of the shovel was error because it was "gruesome" evidence which would tend to inflame the passions of the jury. There is nothing gruesome about a shovel itself, and there is nothing in the evidence to the effect that there was upon or attached to the shovel any material that was of a gruesome nature.

While the shovel would not tend to prove or disprove any of the elements of the crime charged, the defendant could hardly complain of its introduction after he had permitted the prosecuting witness to testify, without objection, that he thought he had seen the shape of a shovel in defendant's hand and asked him what he was going to do and defendant said he hadn't really decided yet.

The defendant also contends the trial court erred in failing to sustain his motion for a directed verdict of acquittal.

He bases this contention upon the fact that the information alleged he had in his possession a firearm capable of being concealed upon his person without having a license or permit to carry such firearm, and that no evidence was offered by the state that he did not have a permit or license to support this allegation.

■ The difficulty with defendant's contention lies in the fact that the defendant was not charged with the crime of possession of a concealable weapon. He was charged with the crime of sodomy. The allegations as to illegal possession of firearms went only to the aggravation of the crime charged. ORS 166.230, which deals with concealed weapons used in committing a felony, is but an enhanced penalty statute. Had there been a total failure of proof that the defendant had in his possession a prohibited firearm, the latter allegations as to possession not being elements of the crime

of sodomy would be treated as mere surplusage and separable from the crime charged.

Thus, whether these facts were proved or disproved would go only to the jurisdiction of the trial court to fix the penalty. *State v. Blacker,* 234 Or 131, 380 P2d 789. The trial court would have been in error in sustaining the defendant's motion for acquittal.

But apart from the above, the rule is well established that:

> "Where the subject matter of a negative averment in the indictment, or a fact relied on by accused as a justification or excuse, relates to him personally or otherwise lies peculiarly within his knowledge, the general rule is that the burden of proof as to such averment or fact is on him. Thus, accused has the burden of proving that he possessed a license, where a license was necessary to lawfully perform a particular act or engage in a particular occupation, as appears in Licenses § 71. The prosecution need not adduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances, and which, if untrue, could be readily disproved by evidence probably within accused's control." 22A CJS 315, Criminal Law, § 571.

The defendant sets forth numerous other assignments of error, but our examination of each shows them to be utterly without merit.

The judgment of the trial court is affirmed.