## STATE OF OREGON,
*Respondent,*

*v.*

## PAUL BERNARD GERLACK,
*Appellant.*

## (DA302966; CA A41354)

741 P2d 926

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Carol Munson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals his conviction for unlawful possession of a firearm. ORS 116.250((1)(b). He assigns as error that the court denied his motions for judgment of acquittal. We affirm.

Defendant concedes that the state proved that he carried a firearm concealed upon his person. The issue is whether the state also had the burden to prove that defendant did not have a license to carry that firearm. ORS 166.250(1)(b) provides:

"(1) Except as otherwise provided in this section, ORS 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, a person commits the crime of unlawful possession of a firearm if the person knowingly:

"* * * * *

"(b) Carries any firearm concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290."

In *State v. Engeman*, 245 Or 209, 420 P2d 389 (1966), the defendant was charged with sodomy. The complaint alleged that he had unlawfully possessed a firearm. The purpose of that allegation was to permit imposition of an enhanced penalty. The defendant argued that the court erred when it denied his motion for acquittal, because the state did not prove that he did not have a license to carry the firearm. The court held that proof that the defendant unlawfully possessed a firearm "would go only to the jurisdiction of the trial court to fix the penalty," but was not a ground for acquittal of sodomy. It also stated:

"[T]he rule is well established that:

'Where the subject matter of a negative averment in the indictment, or a fact relied on by accused as a justification or excuse, relates to him personally or otherwise lies peculiarly within his knowledge, the general rule is that the burden of proof as to such averment or fact is on him. *Thus, accused has the burden of proving that he possessed a license, where a license was necessary to lawfully perform a particular act* or engage in a particular occupation * * *. The prosecution need not adduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances, and which, if

untrue, could be readily disproved by evidence probably within accused's control.' 22A CJS 315, Criminal Law, § 571." 245 Or at 213. (Emphasis supplied.)

The rule set forth as *dictum* in *State v. Engeman, supra,* is sound. It would be unreasonable to conclude that the legislature intended to require the state to search and prove the records of each county in Oregon to determine whether a defendant has a license to carry a concealed weapon.[1] *See* ORS 166.290.

Affirmed.

---

[1] In *State v. McIntire,* 22 Or App 161, 537 P2d 1151 (1975), we held that a complaint that alleged that the defendant "carried 'concealed about his person a * * * revolver,' " in violation of ORS 166.250, was not defective because it did not allege that the defendant did not have a license:

" 'The rule in this state as to the necessity of negativing exceptions or provisos in criminal indictments * * * [is]

" ' "* * * The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, *they are matters of defense* and therefore need not be negatived in the indictment. * * *" '

"* * * * *

"We view the words in ORS 166.250 making the negative exception 'without having a license to carry such a firearm * * *' as being in the nature of excuse for the act rather than defining 'a necessary ingredient' of the offense. Therefore, * * * it was unnecessary at bar for the complaint to negative the exception." 22 Or App at 165 (quoting *State v. Elliott,* 234 Or 522, 525, 383 P2d 382 (1963). (Emphasis supplied.)