Argued and submitted December 23, 1994, reversed June 7, petition for review
allowed October 3, 1995 (322 Or 167)
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*

*v.*

JAVIER VASQUEZ-RUBIO,
*Appellant.*

(93CR-1865; CA A82384)

897 P2d 324

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals from his conviction for unlawful possession of a machine gun. ORS 166.272. We reverse.

Police lawfully searched defendant's home and seized several weapons. Later, the state charged him with unlawful possession of a machine gun. At trial, there was evidence that one of the weapons the police seized was a machine gun. *See* ORS 166.210(5).[1] After the state rested, defendant moved for a judgment of acquittal. He argued that one element of the crime of unlawful possession of a machine gun is that the gun was not registered as required under federal law, and that the state had failed to prove that element. The trial court denied the motion, concluding that the state did not have to prove the absence of federal registration. Next, the trial court denied defendant's requested jury instruction, which described lack of registration as an element of the unlawful possession of a machine gun.

Defendant assigns error to the denial of his motion for judgment of acquittal and to the trial court's refusal to give his requested jury instruction. He argues that the trial court improperly construed ORS 166.272, because the court did not require the state to prove that the gun was not registered. The state contends that the statute does not require it to prove the *absence* of registration.

The issue is whether the trial court properly construed ORS 166.272. In construing any statute, our task is to discern the intent of the legislature, adding nothing to the language that the legislature has enacted and taking nothing away from it. ORS 174.010; ORS 174.020. The starting point, and the best evidence of what the legislature intended, is the text of the statute, properly read in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993).

---

[1] ORS 166.210(5) defines "machine gun" as:

"[A] weapon of any description by whatever name known, loaded or unloaded, which is designed or modified to allow two or more shots to be fired by a single pressure on the trigger device."

In this case, the text of the statute provides:

> "A person commits the crime of unlawful possession of a machine gun * * * if the person knowingly possesses any machine gun * * * not registered as required under federal law."

ORS 166.272(1). The statute does not say that a person commits the crime of unlawful possession of a machine gun merely by knowingly possessing a machine gun. It says that the crime has been committed when: (1) the person knowingly possesses a machine gun; and (2) that machine gun is not registered as required under federal law. It is apparent from the language of the law, therefore, that the fact that the machine gun is not registered must be proved as an element of the crime. It is not, as the state suggests, a defense, which requires at least some proof from defendant.[2]

That straightforward reading of the text of the statute is buttressed by an examination of its context, which includes related statutes. *PGE*, 317 Or at 611-12. Those statutes demonstrate that the legislature generally indicates its intention to create a defense by using words that provide a clear signal of that intention. For example, in setting out the elements of murder, the legislature has provided:

> "Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:
>
> "(a) When it is committed intentionally, *except that it is an affirmative defense that*, at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance * * *."

ORS 163.115(1). (Emphasis supplied.) The felony murder provisions of the same statute go on to say that *"[i]t is an affirmative defense * * * that the defendant"* was not the only participant in the underlying crime, or was not armed with a dangerous and deadly weapon, and so forth. ORS 163.115(3). (Emphasis supplied.) Similarly, ORS 161.305 provides that "[m]ental disease or defect constituting insanity * * * *is an*

---

[2] It is not clear from the state's brief whether it is asserting that registration of the machine gun is an affirmative defense, which must be established by defendant by a preponderance of the evidence, or merely an ordinary defense, which, upon timely notice to the state or affirmative evidence in the defendant's case, must be negated by the state. ORS 161.055. Because we decide that registration is not a defense, we need not determine which type of defense the state argues it is.

*affirmative defense.*'' (Emphasis supplied.) Even a partial listing of such statutes, explicitly identifying affirmative and other defenses, is extensive. *See, e.g.*, ORS 161.430; ORS 161.440; ORS 161.460; ORS 162.035(1); ORS 162.105; ORS 162.145(2); ORS 163.135; ORS 163.225(2); ORS 163.285; ORS 163.325(2); ORS 163.555(2)(b); ORS 163.690; ORS 164.035; ORS 164.828; ORS 167.085; ORS 167.095; ORS 167.142; ORS 167.147(3); ORS 167.164(4); ORS 167.242. It is apparent that, when the legislature wants to describe a defense, it knows how to do so. It is also apparent that the legislature did not do so in ORS 166.272.

The state does not address the question whether the text and context of the statute demonstrate that the legislature intended lack of registration of a machine gun to be an element of the crime. Instead, the state invokes a ''long-standing Oregon rule'' of so-called ''negative averments.'' According to the state, a defendant bears the burden of alleging or proving a statutory provision

> ''when the provision is not really part of the description of the offense, but rather a limitation of the applications of the provisions of the act.''

The state, however, never explains why, except by force of *ipse dixit*, the statutory language in this case is not really part of the description of the offense.

The rule of ''negative averments'' is a very old rule that is not actually so much a rule as it is a shorthand expression for the court's determination as to whether the legislature intended that the state must affirmatively allege in an indictment that a defendant does not come within an express proviso or exception enumerated in a criminal statute. The seminal case in Oregon is *State v. Tamler & Polly*, 19 Or 528, 25 P 71 (1890). In that case, the defendants were charged by indictment with having sold whiskey without a license, in violation of a statute. The defendants challenged the sufficiency of the indictment on the ground that it failed to affirmatively disprove the statutory proviso that ''nothing in this act shall * * * apply in any manner to incorporated towns or cities * * *.'' *Id.* at 530. The Supreme Court upheld the indictment. The court held that

"[t]he description of the offense of selling liquor without a license is full and complete without reference to [the proviso], and since it forms no part of the definition thereof it is [a] mere matter of excuse or defense and need not be negatived in the indictment."

*Id.* at 531.

Following that case, the courts have consistently held that, when there is a statutory proviso or exception that plainly stands apart from the statutory definition of the elements of the crime itself, the state is not required to negate the exception or proviso; they are, instead, treated as defenses. In each case, the existence of such a proviso or exception was indicated by the language of the statute itself, by the words "except that," "unless," "provided that," or similar wording.

In *State v. Elliott*, 234 Or 522, 383 P2d 382 (1963), for example, the defendant was charged with the crime of manslaughter by abortion. The statute under which the defendant was charged provided that a person committed the crime of manslaughter by abortion by performing any act that destroyed a fetus "unless the same is necessary to preserve the life of [the] mother." *Former* ORS 163.060 (*repealed by* Or Laws 1969, ch 684, § 17); *Elliott*, 234 Or at 524. The court held that the statute did not require the state to allege in the indictment that the defendant's acts were not necessary to preserve the life of the mother, because the language of the proviso clearly indicated that it was not an element of the crime. *Id.* at 525-26.

Similarly, in *State v. Alexander*, 6 Or App 526, 487 P2d 1151, *rev den* (1971), the defendant was charged with violation of *former* ORS 475.100 (*repealed by* Or Laws 1977, ch 745, § 54), which provided, in part:

"[N]o person shall sell, give away, barter, distribute, buy, receive, or possess a dangerous drug except:

"(a)  Upon a written prescription * * *; or

"(b)  Upon an oral prescription * * *; or

"(c)  By refilling the written or oral prescription * * *."

The court held that the state was not required to allege that none of the exceptions applied, because the language of the

statute set out separately the elements of the crime, followed by exceptions, which were clearly set out as such, and not as part of the definition of the crime itself. *Alexander*, 6 Or App at 531-33. *See also State v. Schriber*, 185 Or 615, 630, 205 P2d 149 (1949); *State v. Burroughs*, 130 Or 480, 486, 280 P 653 (1929); *State v. He Quan Chan*, 113 Or 168, 172, 232 P 619 (1925); *State v. Rosasco*, 103 Or 343, 353, 205 P 290 (1922).

■ In marked contrast to each of the negative averment cases, in this case the statute does not plainly draw a distinction between the elements of the crime and an exception or a proviso. The statute does not say that a person commits the crime of unlawful possession of a machine gun by knowingly possessing a machine gun *unless* the defendant proves that the gun was registered in accordance with federal law. Likewise, it does not say that knowing possession suffices, *provided that*, upon proof of registration in accordance with federal law, the crime has not been committed. To the contrary, the statute says only that the crime is committed if a person "knowingly possesses a machine gun * * * not registered as required by federal law." ORS 166.272. Unlike the negative averment cases on which the state relies, in this case there is no indication in the language of the statute that the legislature intended a lack of registration to be anything but an element of the crime itself.

The state insists that, even without the typical language indicating a negative averment, we should so construe the statute in this case, based on our decision in *State v. Gerlack*, 87 Or App 184, 741 P2d 926 (1987). In that case, the defendant appealed a conviction for violation of *former* ORS 166.250(1)(b), which provided, in part:

"[A] person commits the crime of unlawful possession of a firearm if the person knowingly:

"* * * * *

"(b) Carries any firearm concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290."

The defendant argued that the trial court should have granted his motion for a judgment of acquittal, because the state failed to prove that the concealed weapon found on his person was not licensed. Without any examination of the language of the statute, we concluded that

"[i]t would be unreasonable to conclude that the legislature intended to require the state to search and prove the records of each county in Oregon to determine whether a defendant has a license to carry a concealed weapon."

87 Or App at 187.

We find *Gerlack* unpersuasive for several reasons. First, it involved different statutory language and in no way controls our examination of what the legislature intended when it adopted ORS 166.272. Second, the decision did not evaluate the language of the statute at issue or even attempt to determine what the legislature intended that language to mean. It simply concluded that, because of the unreasonableness of the consequences of reading the statute as it was written, the legislature presumably did not intend the statute to be read in that fashion. As we said in *Southwood Homeowners v. City Council of Philomath*, 106 Or App 21, 24, 806 P2d 162 (1991),

"the 'absurd results' doctrine should be used sparingly, because it entails the risk of judicial displacement of legislative policy on the basis of judicial speculation that the legislature could not have meant what it unmistakably said."

Once we have determined that the language of the law requires one party or the other to establish a predicate to prevailing, it is not for us to second-guess the legislature's policy choice. If the allocation of a burden of proof is indeed unreasonable, then that is a matter for the legislature to address. *See Eslamizar v. American States Ins. Co.*, 134 Or App 138, 145 n 3, 894 P2d 1195 (1995).

Finally, the state argues that, under federal cases construing a similar provision in the federal firearms statute, 26 USC § 5861(d),[3] the government is not required to prove the lack of registration. The cases on which the state relies, however, hold only that the government need not prove that defendant *was aware* that the weapon was unregistered or required to be registered. *United States v. Woodruff*, 600 F2d 174, 176 (8th Cir 1979); *United States v. Sanders*, 462 F2d 122, 124 (6th Cir 1972). The government still must prove, as

---

[3] Under 26 USC § 5861(d), it is unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

an element of the offense under the federal firearms statute, that the firearm is not registered as required under federal law. *United States v. Pietras*, 501 F2d 182, 185-86 (8th Cir), *cert den* 419 US 1071 (1974).

■ We conclude that ORS 166.272 requires, as an element of the crime, proof that a defendant knowingly possesses a machine gun and that the machine gun is not registered as required under federal law. Because the state failed to demonstrate that defendant possessed an unregistered machine gun, the trial court erred in denying defendant's motion for a judgment of acquittal.

Reversed.