Argued and submitted March 5, decision of the Court of Appeals affirmed; judgment of the circuit court reversed June 7, 1996

# STATE OF OREGON,
*Petitioner on Review,*

*v.*

# JAVIER VASQUEZ-RUBIO,
*Respondent on Review.*

## (CC 93CR-1865; CA A82384; SC S42557)

917 P2d 494

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause on behalf of petitioner on review. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Irene B. Taylor, Deputy Public Defender, Salem, argued the cause on behalf of respondent on review. With her on the brief was Sally L. Avera, Public Defender, Salem.

UNIS, J.

**UNIS, J.**

Under Oregon statutory law, "[a] person commits the crime of unlawful possession of a machine gun * * * if the person knowingly possesses any machine gun * * * not registered as required under federal law." ORS 166.272.

The issue in this case is whether the state is required to prove as an element of that crime that the machine gun that defendant knowingly possessed was "not registered as required under federal law" or whether, instead, the burden is on defendant to prove affirmatively that the gun is registered as required under federal law. For the reasons that follow, we conclude that the burden is on the state to prove as an element of the crime that the machine gun that defendant knowingly possessed is "not registered as required under federal law."

The facts are not in dispute. On February 10, 1993, the Coos County Sheriff's Office conducted a lawful search of defendant's home. During that search, officers seized several weapons, one of them the machine gun that is involved in this case. The state charged defendant with unlawful possession of a machine gun, ORS 166.272. The case went to trial. Defendant argued that the state had failed to produce any evidence that the machine gun was "not registered as required under federal law," ORS 166.272. The trial court disagreed, concluding that the statutory term "not registered as required under federal law" is not an element of the crime for which the state has the burden of proof. Over defendant's exception, the trial court refused to instruct the jury that the burden was on the state to prove, as an element of the crime, that the machine gun was "not registered as required by federal law." The jury convicted defendant of one count of unlawful possession of a machine gun. Defendant appealed, and the Court of Appeals reversed, holding that ORS 166.272 requires the state to prove as an element of the crime that the machine gun is "not registered as required under federal law." *State v. Vasquez-Rubio,* 134 Or App 646, 654, 897 P2d 324 (1995). We affirm the decision of the Court of Appeals.

Because this case involves an issue of statutory interpretation, we must attempt to discern the intent of the

legislature in enacting ORS 166.272. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We begin with the text of that statute. *Id.* ORS 166.272 provides that "a person commits the crime of unlawful possession of a machine gun" when that person "knowingly possesses any machine gun * * * not registered as required under federal law." According to the text, a person who merely "knowingly possesses any machine gun" does not commit a crime. The statute continues to describe the offense. A person commits a crime under ORS 166.272 only if that person "knowingly possesses any machine gun * * * *not registered as required under federal law.*" (Emphasis added.) Based on an initial examination of the text of ORS 166.272, the crime of unlawful possession of a machine gun has *at least* two distinct elements. To be guilty of the crime, a person must: (1) "knowingly possess any machine gun"[1] that is (2) "not registered as required under federal law."[2]

In attempting to discern the intent of the legislature in enacting ORS 166.272, we also consider "rules of construction of the statutory text that bear directly on how to read the text." *PGE*, 317 Or at 611. Those rules come from both statutory and case law. *Id.* One such rule has been part of the case law of this state for over 100 years. In *State v. Tamler & Polly*, 19 Or 528, 25 P 71 (1890), the state charged the defendant with violating the Act of 1889, which in part prohibited the selling of "spiritous, vinuous or malt liquors." Section 11 of that Act provided: "Nothing in this act shall be so construed as to apply in any manner to incorporated towns and cities of this State." To determine whether the state was required to allege and later prove at trial that the liquor was *not* sold in an incorporated town or city, the court adopted the following rule:

---

[1] There is no dispute on review that defendant knowingly possessed a machine gun. The issue is whether, in addition, the state had to prove that the machine gun was "not registered as required under federal law."

[2] Defendant argues that the statutory phrase, "not registered as required under federal law," contains two elements. According to defendant, the state first must prove that the machine gun is *required* to be registered under federal law and, second, that the gun is not registered. We need not decide whether the statutory phrase "not registered as required under federal law" contains two elements or one. The state failed to produce any evidence either that the gun was required to be registered or that it was not registered.

"The exceptions should be negatived only when they are descriptive of the offense, or a necessary ingredient of its definition; but when they afford matter of excuse merely, they are matters of defense and therefore need not be negatived in the indictment." *Id.* at 530.

Applying that rule, the court held that "the provision of section 11 is no part whatever of the description of the offense nor a necessary ingredient of its definition, but is simply a limitation in the application of the provisions of the [A]ct." *Id.* at 530-31. Section 11 was a "mere matter of excuse or defense." *Id.*

Throughout this century, this court has followed the rule set forth in *Tamler & Polly*. *See, e.g., State v. Gilson*, 113 Or 202, 205, 232 P 621 (1925) (citing *Tamler & Polly* as a "settled rule of law"); *State v. Schriber*, 185 Or 615, 630, 205 P2d 149 (1949) (citing *Tamler & Polly* and concluding that "there has been no departure in the decisions of this court from the principles thus enunciated"); *State v. Elliott*, 234 Or 522, 525, 383 P2d 382 (1963) ("[t]he rule in this state as to the necessity of negativing exceptions * * * was set out early by Mr. Justice Robert S. Bean in the case of *State v. Tamler & Polly*").

*Schriber* is illustrative. In that case, this court interpreted the following statute:

"[E]very female bovine animal and bull over 6 months of age within his county shall be tested [for disease] at least once every 12 months as provided in this act; *provided, that* no beef animals or animals kept principally for beef purposes shall be required to be tested under the provisions of this act except [under specified conditions.]" Or Laws 1947, ch 588, § 2 (emphasis added).

The issue in *Schriber* was whether the state had to negative the exception that the cattle were kept for beef purposes. 185 Or at 630. Analyzing the text, which set apart the exception by the phrase "provided that," this court held that " 'the exception [is] no part whatever of the description of the offense nor a necessary ingredient of its definition, but * * * simply a limitation in the application of the provisions of the act.' " *Id.* at 631 (quoting *Tamler & Polly*, 19 Or at 530-31).

Applying the rule of *Tamler & Polly* to this case, the question is whether the statutory term "not registered as

required under federal law" is "descriptive of the offense or a necessary ingredient of its definition." Once again, ORS 166.272 provides that a person commits the crime of unlawful possession of a machine gun "if the person knowingly possesses any machine gun * * * not registered as required under federal law." The phrase "not registered as required under federal law" immediately follows another element of the crime, that the person "knowingly possess[] any machine gun." The phrase continues to describe the offense of unlawful possession of a machine gun.[3] Significantly, it is not set apart from the rest of the definition of the offense by the use of commas and words of limitation, such as "except," "however," or "provided that." Indeed, "not registered as required under federal law" is an adjectival clause. The phrase does not create an exception. Instead, it functions as an adjective by modifying or further defining the noun, machine gun. In other words, the statutory phrase is a necessary ingredient of the definition of unlawful possession of a machine gun. *Tamler & Polly*, 19 Or at 531.

The state argues in its brief that to "focus on the exact wording of the statute" to determine whether it creates an element is incorrect. The state misapprehends this court's role in statutory interpretation. To interpret a statute properly, this court must focus on the exact wording of the statute. Indeed, it is the text—or the "exact wording of the statute"— that provides the best evidence of the legislature's intent. *PGE*, 317 Or at 610.

Our construction of ORS 166.272 is supported not only by an analysis of the statute's text, but also by an examination of that text in the context of other related statutes. *See PGE*, 317 Or at 611 (referring to statutory context as part of first level of analysis). The context of ORS 166.272 includes other criminal statutes. In many of those statutes, the legislature has set out clearly the defenses and affirmative defenses available to the criminal defendant. For instance, ORS 163.115 provides in part:

---

[3] At oral argument, the state conceded that, if the statute had provided that "it is unlawful to knowingly possess a blue machine gun," the state would be required to prove as an element of the offense that the machine gun defendant knowingly possessed was blue. We see no difference in the statute at issue in this case.

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:

"(a) When it is committed intentionally, *except that it is an affirmative defense that,* at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance[.]" (Emphasis added.)

See also ORS 164.035 ("[i]n a prosecution for theft it is a defense that the defendant acted under a claim of right"); ORS 164.828 ("[i]t is an affirmative defense to any charge under ORS 164.813 or 164.825 [concerning unlawful cutting and transport of trees and forest products] that the defendant is in fact the owner of the trees or special forest products cut or transported"); ORS 167.085 ("[i]n any prosecution under ORS 167.065 to 167.080 [concerning providing minors with obscene materials], it is an affirmative defense for the defendant to prove").

When the statute does not expressly label a defense or affirmative defense, it often sets forth clearly the limits of the statute's reach. For example, ORS 166.250 prohibits the unlawful possession of certain firearms. ORS 166.260(1)(a) further provides:

*"ORS 166.250 does not apply to or affect*:

"(a) Sheriffs, constables, marshals, police officers, whether active or honorably retired, parole and probation officers or other duly appointed peace officers." (Emphasis added.)

Finally, as indicated above, the legislature can provide for a defense or an affirmative defense by using words of limitation such as "except that," "however," or "provided that."

From the foregoing examples, it is clear that, when the legislature enacts a criminal statute, it knows how to create a defense or an affirmative defense. The legislature did not, however, provide for an affirmative defense when it enacted ORS 166.272. The statute does not provide that "it is an affirmative defense" to unlawful possession of a machine gun if the gun is registered as required under federal law. Nor does the statute state that its terms "do not apply" if the machine gun is registered as required under federal law.

Moreover, the statute does not limit its application by providing that it is a crime to possess a machine gun "except" one that is registered as required under federal law. The context of ORS 166.272, which includes other criminal statutes, indicates that the burden is on the state to prove, as an element of the offense, that the machine gun that defendant knowingly possessed was "not registered as required under federal law."

Based on an examination of the text and context of ORS 166.272, we conclude that the legislature intended to place the burden on the state to prove that the machine gun that defendant knowingly possessed was "not registered as required under federal law."

The state contends that the legislative history supports its argument that the legislature did not intend to place the burden on the state to prove that the machine gun was not registered as required under federal law. Because the legislative intent is clear from an inquiry into text and context, no further inquiry into legislative history is necessary. *PGE*, 317 Or at 611.

The state also argues that the text "not registered as required under federal law" is not an element of the offense because, the state asserts, to conclude otherwise would lead to an absurd result. *See McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410 (1992) ("[i]n construing a statute, courts must refuse to give literal application to language when to do so would produce an absurd result"). According to the state, state and local authorities cannot get access to federal firearm registration information. Therefore, the state maintains, if the burden is on the state to prove nonregistration as an element of the offense, then it never will be able to prove that a gun is not registered as required under federal law. The effect would be to render the statute a nullity.

Because we have already determined that the legislative intent is clear from an inquiry into text and context, we do not apply the statutory maxim that we should avoid a literal application of the statutory text if it will produce an absurd result. *PGE*, 317 Or at 612. That maxim is best suited

for helping the court to determine which of two or more plausible meanings the legislature intended. In such a case, the court will refuse to adopt the meaning that would lead to an absurd result that is inconsistent with the apparent policy of the legislation as a whole. When the legislative intent is clear from an inquiry into text and context, or from resort to legislative history, however, it would be inappropriate to apply the absurd-result maxim. If we were to do so, we would be rewriting a clear statute based solely on our conjecture that the legislature could not have intended a particular result.[4]

Finally, the state argues that, because ORS 166.272 involves licensure and because the information regarding licensure is easily accessible to defendant, the legislature did not intend for the state to prove as an element of the offense that the machine gun that defendant knowingly possessed was "not registered as required under federal law." The state, however, cites no Oregon Supreme Court case for the proposition that the ability of a defendant to produce exculpatory information is a factor in determining whether a statute's terms provide for an element or defense.

In *State ex rel Mikkelsen v. Hill*, 315 Or 452, 454, 847 P2d 402 (1993), the defendant was held in criminal contempt by the trial court for failure to pay child support. The issue in that case was whether the defendant had the burden to prove that he was unable to comply with the order to pay support and, if so, whether placing the burden on the defendant violated the due process clause of the Fourteenth Amendment to the United States Constitution.[5] *Id.* This court looked to the relevant statutes, ORS 33.055(10) and ORS 33.065(7), which clearly provided that "inability to comply with an order of the court is an affirmative defense." *Id.* at 458. Having already determined that the statutes provided that inability to comply with an order is an affirmative defense, we observed that "this result makes sense, because 'the contemnor is in the

---

[4] Even if we were to apply the absurd-result maxim, however, we do not believe that the state has proved that it is impossible for state or local authorities to prosecute the crime of unlawful possession of a machine gun. Despite the state's assertion that it cannot get access to registration information, the state cites no authorities—and we are aware of none—that preclude the state from obtaining the information necessary to prove that a gun is *not* registered under federal law.

[5] There is no federal or state constitutional issue in this case.

best position to know whether ability to pay is even a consideration in the proceeding and also has the best access to evidence on the issue.' " *Id.* at 459 (citations omitted). In *Mikkelsen*, the fact that the defendant had better access to the information necessary to prove an affirmative defense was not considered as a factor in determining whether the legislature provided for an affirmative defense; it merely provided an explanation for the legislature's choice.

For the foregoing reasons, we conclude that ORS 166.272 requires the state to prove as an element of the crime that the machine gun that defendant knowingly possessed was "not registered as required under federal law."[6] Accordingly, defendant is entitled to a judgment of acquittal.[7]

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed.

---

[6] Nothing in this opinion is intended to suggest that the legislature is precluded from amending ORS 166.272 to require that a defendant prove affirmatively that the gun is registered as required under federal law.

[7] As presented to us, this case turns entirely on our answer to the legal question whether the state was required to prove that the machine gun that defendant possessed was not registered as required by federal law. The state does not argue that, if the lack of registration is an element of the offense, there is evidence in the record from which a properly instructed jury could have found that element to have been proved. In its brief to this court on the merits, the state asserts: "The only relevant facts are that defendant admitted he possessed the firearm * * *, and that neither the state nor defendant introduced any evidence regarding the registration of the firearm."