Argued and submitted April 29, 2005, reversed March 15, 2006

STATE OF OREGON,
*Respondent,*

*v.*

MARY LYNN PIERCE,
*Appellant.*

00CR0281; A118198

131 P3d 776

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. With her on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Linder, Presiding Judge, and Haselton* and Ortega, Judges.

ORTEGA, J.

---

* Haselton, J., *vice* Richardson, S. J.

## ORTEGA, J.

■ Defendant appeals a judgment of conviction for conspiracy to manufacture a controlled substance. She assigns error to the trial court's denial of her motion for a judgment of acquittal, arguing that the state failed to present any evidence to establish venue. Venue is a material allegation that must be proved beyond a reasonable doubt. *State v. Werdell*, 202 Or App 413, 420 n 4, 122 P3d 86 (2005). Because we agree with defendant, we reverse.

■ In reviewing the denial of a motion for a judgment of acquittal, "this court resolves any conflicts in the evidence in favor of the state and gives the state the benefit of all reasonable inferences that properly may be drawn." *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994).

Two police detectives, Smith and Raymond, responded to a local resident's request that they examine a storage shed in Josephine County that she claimed might contain unknown chemicals. Smith and Raymond could not enter the shed because it was locked but returned to the property a few days later, after the padlock had been cut. A search of the shed revealed chemicals and equipment associated with the manufacture of methamphetamine. The officers took samples from the substances found in the shed, and a number of them tested positive for methamphetamine. One of the items found in the shed was an empty one-gallon bottle of tincture of iodine, which is a precursor substance used in the manufacture of methamphetamine.

A few days after searching the shed, Smith spoke with defendant about the materials found in the shed. She claimed that those materials belonged to someone else but admitted that she had bought a one-gallon container of tincture of iodine for that person, knowing that the person would use the iodine to manufacture methamphetamine. She told Smith that she was not a "meth cook" but that the other person was. About a week later, another local resident visited the shed to help the property owner clean it out and observed several items connecting defendant with the shed, including photos of defendant and two items (a photo album and a gray packing case) bearing defendant's name.

Following those discoveries, defendant was charged in Josephine County with conspiracy to manufacture a controlled substance. ORS 161.450. After the jury retired to deliberate, defendant moved for a judgment of acquittal on several grounds, including the state's failure to prove that the crime occurred in Josephine County. The state did not object to the motion's timeliness but argued on the merits that there was sufficient evidence to support a conviction. The trial court denied defendant's motion on its merits, and the jury found defendant guilty.

On appeal, defendant contends that the trial court erred in denying her motion for a judgment of acquittal because the state failed to establish venue by failing to present any evidence that she committed the crime of conspiracy within Josephine County. The state responds that defendant's motion was untimely and that she therefore failed to preserve her challenge to the sufficiency of the evidence. As to the merits, the state contends that there was evidence from which the jury could have inferred that defendant committed conspiracy within Josephine County.

The state contends that we should not consider defendant's argument because it is insufficiently preserved, as defendant moved for a judgment of acquittal after the jury had begun deliberating. *See* ORS 136.445 (stating that the time for a motion for a judgment of acquittal is "after close of the state's evidence or of all the evidence"). The state maintains that, had defendant moved for a judgment of acquittal in a timely manner—before the jury began its deliberations—it could have reopened its case to present evidence establishing venue.

■ In *State v. Brust*, 158 Or App 455, 974 P2d 734, *rev den*, 329 Or 61 (1999), we considered an untimely motion for a judgment of acquittal on its merits. There, the defendant was charged with unlawful possession of a firearm. *Id.* at 457. After the trial court instructed the jury, the defendant moved for a judgment of acquittal, asserting for the first time that the state had failed to present evidence that he did not have a license to carry a concealed weapon. *Id.* at 457-58. The state opposed the motion on its merits, and the trial court denied the motion on its merits. *Id.* at 458. We stated:

"It is true that the time for a motion for a judgment of acquittal is before the jury has been instructed. Nevertheless, the state entered no objection to defendant's untimely motion at trial. The matter obviously was fully argued to the trial court, and the trial court had the opportunity to rule—in fact, did rule—on the merits of the parties' contentions. Particularly given that the gravamen of defendant's contention is the legal insufficiency of the state's proof, we find no reason not to consider the matter."

*Id.* Here, as in *Brust*, because the state invited the trial court to rule on the motion's merits, we likewise find no reason not to consider defendant's motion for a judgment of acquittal on the merits.

We turn now to defendant's contention that the state presented no evidence that defendant committed the crime of conspiracy within Josephine County, thereby failing to establish venue. Article I, section 11, of the Oregon Constitution guarantees a criminal defendant the right to a trial "in the county in which the offense shall have been committed * * *." That the defendant committed the offense in the county in which the defendant was charged is a material allegation of the indictment that must be proved beyond a reasonable doubt. *Werdell*, 202 Or App at 420 n 4.

■■ To commit the offense of conspiracy, one must make an agreement with one or more persons to engage in criminal conduct. ORS 161.450(1).[1] It is the agreement itself that constitutes the crime of conspiracy. *State v. Mathie*, 54 Or App 232, 238, 634 P2d 799 (1981), *rev den*, 292 Or 568 (1982). Thus, to satisfy the venue requirement of Article I, section 11, on the charge of conspiracy, the state must prove—beyond a reasonable doubt—that the defendant made an agreement, in the county in which the defendant is charged with conspiracy, to engage in criminal conduct. *State v. Roper*, 286 Or 621, 624, 595 P2d 1247 (1979).

---

[1] That section provides:

"A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct."

■   At issue in this case is whether the state presented sufficient evidence for a jury to have found that defendant entered into an agreement in Josephine County to manufacture methamphetamine. Although there clearly was no direct evidence that defendant made such an agreement in Josephine County, venue may be established by circumstantial evidence. *Cervantes*, 319 Or at 125-26. As noted above, because defendant was convicted by a jury, we view the evidence in the light most favorable to the state, giving the state the benefit of all reasonable inferences. *Id.* at 125. Although the jury may draw reasonable inferences from the evidence, it may not engage in speculation or guesswork. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004).

■   We conclude that the state did not present sufficient evidence from which the jury reasonably could have inferred that defendant made an agreement in Josephine County to manufacture methamphetamine. The state presented evidence that established (a) that there were materials associated with the manufacture of methamphetamine, including a one-gallon bottle of tincture of iodine, in a shed located in Josephine County that also contained some of defendant's personal effects; (b) that defendant denied that the materials associated with the manufacture of methamphetamine were hers but admitted that she knew the person to whom the materials belonged; and (c) that defendant admitted to buying a one-gallon bottle of tincture of iodine for that person with the knowledge that the person would use the iodine to manufacture methamphetamine.

An inference that defendant agreed to manufacture methamphetamine arises from her admission that she bought iodine for someone who she knew would use it to manufacture methamphetamine; however, that inference says nothing about the location where defendant entered into that agreement. Similarly, the location of the shed supports the inference that methamphetamine was manufactured in Josephine County but does not support the inference that the agreement to do so was made in Josephine County. There is no evidence in the record of where defendant lived, where the other person lived, or where the iodine was purchased. Indeed, the very nature of the charged crime—an agreement to manufacture methamphetamine—does not imply that the

crime's location was linked to the place of manufacture, or to where defendant or the other person lived, or to where the iodine was purchased; the agreement could have been made in Portland, or Eugene, or Detroit. Because the jury could only speculate as to the location of the agreement, defendant's motion for a judgment of acquittal should have been granted.

Reversed.