No. 63 February 4, 2026 819

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOFFER JOHN SEPELAK,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR54105; A182580

Jenna R. Plank, Judge.

Argued and submitted October 1, 2025, Lakeview High School, Lakeview.

Daniel C. Silberman, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant was charged with one count of unlawful use of mace in the second degree, ORS 163.212 (Count 1),[1] and one count of unlawful possession of a firearm, ORS 166.250 (Count 2).[2] Count 1 was dismissed (though the charge itself remains relevant context on appeal), and he was convicted on Count 2. He appeals that conviction, raising a single assignment of error—that the trial court erred by denying his motion to suppress evidence. We conclude that the trial court did not err in determining that defendant's arrest was supported by probable cause and that the firearm was discovered during a search incident to arrest. We affirm.

ORS 163.212 criminalizes *reckless* discharge of mace (and similar weapons) against another person. When used in a criminal statute, "'[r]ecklessly' *** means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." ORS 161.085(9). The risk must be "a gross deviation from the standard of care that a reasonable person would observe in the situation." *Id.*

ORS 166.250 criminalizes concealed possession of a firearm unless an individual holds a valid concealed handgun license (CHL) or another exception applies. *See also* ORS 166.291 (providing for issuance of CHLs).

A warrantless arrest is permitted when the arresting officer has "probable cause to believe that the person has committed" a crime. ORS 133.310(1); *accord State v.*

---

[1] ORS 163.212 provides:

"(1) A person commits the crime of unlawful use of an electrical stun gun, tear gas or mace in the second degree if the person recklessly discharges an electrical stun gun, tear gas weapon, mace, tear gas, pepper mace or any similar deleterious agent against another person.

"(2) Unlawful use of an electrical stun gun, tear gas or mace in the second degree is a Class A misdemeanor."

[2] ORS 166.250 provides, in relevant part:

"(1) Except as otherwise provided in this section ***, a person commits the crime of unlawful possession of a firearm if the person knowingly:

"(a) Carries any firearm concealed upon the person;

"*****

"(3) Firearms carried openly in belt holsters are not concealed within the meaning of this section."

*Owens*, 302 Or 196, 203, 729 P2d 524 (1986) (recognizing the same under Article I, section 9, of the Oregon Constitution). Probable cause exists when the arresting officer subjectively believes that the person to be arrested committed a crime and that subjective belief is objectively reasonable. *State v. Hudson*, 253 Or App 327, 341, 290 P3d 868 (2012), *rev den*, 353 Or 562 (2013). Whether probable cause existed at the time of arrest is reviewed in the context of the totality of the circumstances, to discern whether there was a reasonable basis to believe that "more likely than not" an offense had been committed by the individual. *Id.* at 343 (internal quotation marks and citation omitted). "[A]n officer cannot simply ignore evidence that evinces a person's innocence when determining whether there is probable cause * * *." *Miller v. Columbia County*, 282 Or App 348, 359, 385 P3d 1214 (2016), *rev den*, 361 Or 238 (2017). But an arresting officer is not required to "eliminate all possible lawful explanations for conduct that reasonably appears to violate the law." *State v. Bourget-Goddard*, 164 Or App 573, 578, 993 P2d 814 (1999), *rev den*, 330 Or 331 (2000).

In evaluating the denial of a motion to suppress, we are bound by the trial court's findings, if they are supported by evidence. *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017).

Prior to the incidents that gave rise to defendant's arrest, Officer Wheeler had responded to calls on multiple occasions regarding disputes between defendant and his neighbor. On the night that defendant was arrested, dispatchers received two 9-1-1 calls, one placed by defendant asserting that he sprayed mace in self-defense after his neighbor was coming toward him aggressively, and one placed by the neighbor reporting that defendant wrongfully sprayed him with mace. Wheeler arrived at the apartment complex, and the neighbor showed her a video of surveillance footage. Wheeler viewed the brief video on a small cellphone screen, and the resolution was grainy. The video showed defendant spraying the neighbor. At that time, Wheeler could not tell if the video showed the neighbor doing something with his right hand or holding something in it. The video did not show aggressive behavior by the neighbor and

showed the neighbor retreating into his apartment as defendant sprayed a substance at him.

Consequently, the officers arrested defendant for unlawful use of mace, pursuant to ORS 163.212. Defendant stated that he had a firearm in his pocket, which the police found and secured.

On several occasions, the state's witness (the neighbor), did not appear for trial. Count 1 was dismissed without prejudice numerous times. Eventually, because the state's witness would not appear, the court dismissed Count 1 with prejudice.

Regarding Count 2, defendant filed a motion to suppress evidence of the firearm, asserting that the officer did not have probable cause to arrest him. Defendant argued that the arrest for unlawful use of mace was not supported by probable cause, because he had reported that he acted in self-defense, and the officer had no reason to believe the neighbor's version of events over his own. The state argued that there was probable cause to support defendant's arrest for unlawful use of mace and that the firearm was lawfully discovered during a search incident to arrest.

The trial court denied defendant's motion. The trial court explained that, based on the information available to Wheeler at the time, including the short video showing defendant spraying the neighbor, "I certainly can find credible the officer's testimony that" she could not see or conclude that the neighbor was holding a weapon that might support defendant's use of the mace in self-defense. The trial court concluded that Wheeler had a subjective belief that defendant had unlawfully used mace and that that belief was reasonable given the information available to the officer.

The trial court also found that the officer had probable cause to arrest defendant for unlawful possession of a firearm. In so finding, the trial court credited Wheeler's testimony that defendant informed her he had a firearm on his person as she approached. Because she also testified that she could not see a firearm, the trial court determined that that information supported probable cause for unlawful possession of a firearm.

The court did not err in determining that, at the time she arrested defendant, Wheeler had probable cause to arrest him for unlawful use of mace.

Regarding the officer's subjective belief, Wheeler testified that, at the time of arrest, she had heard the neighbor's account, had viewed a video showing defendant spraying the neighbor, did not see any weapon in the neighbor's hand that might indicate that defendant had acted in self-defense, or have any information contradicting the neighbor's account. As the trial court found, that testimony supported the officer's subjective belief that defendant recklessly discharged some type of pepper spray or mace at the neighbor. *See Hudson*, 253 Or App at 341 (subjective belief analysis).

Wheeler must also have had an objectively reasonable belief that, more likely than not, the crime supporting the arrest had occurred—in this case, the unlawful use of mace, as the offense is defined in ORS 163.212. The trial court concluded that Wheeler's belief was objectively reasonable.

The trial court did not err in determining that Wheeler's subjective belief was objectively reasonable. Wheeler was aware of the past conflict between defendant and the neighbor; she had viewed the video of defendant spraying something at the neighbor while the neighbor retreated; and she had information from the neighbor about the incident—that defendant had pepper-sprayed him outside of his apartment. Additionally, defendant had admitted he sprayed mace at his neighbor. The video she had observed shows the neighbor retreating and does not obviously show the neighbor reaching for or brandishing a weapon. That evidence supported the trial court's determination about objective reasonableness. Thus, we conclude that probable cause existed to support an arrest of defendant for unlawful use of mace, and it was not error for the trial court to deny defendant's motion to suppress on that basis.

We now turn briefly to two arguments raised by the parties and explain why we do not need to resolve them. First, defendant argues that Wheeler lacked probable cause

to arrest him for unlawful possession of a firearm because the state presented no evidence that defendant lacked a CHL. Because the firearm concealed in his pocket was discovered during a search incident to an arrest for which there was probable cause—albeit for a crime other than unlawful possession of a firearm—we do not reach that issue. *See State v. Stevens*, 329 Or App 118, 121, 540 P3d 50 (2023), *rev den*, 372 Or 437 (2024) (explaining that the police may conduct a search incident to arrest without a warrant when they have probable cause to believe a crime has been committed).

Second, the state argues that, under *State v. Anfield*, 100 Or App 692, 788 P2d 480 (1990), *aff'd*, 313 Or 554, 836 P2d 1337 (1992), an officer is not required to know whether or not a defendant holds a CHL in order to establish probable cause for unlawful possession of a firearm. As noted, defendant told Wheeler that he was carrying a firearm in his pocket. It is not a crime to carry a concealed firearm if the person holds a valid CHL. ORS 166.260(1)(i). But, as the state correctly notes, we held, in *Anfield*, 100 Or App at 696-97, that an officer need not know whether a person has a CHL to develop probable cause to arrest the person for a concealed weapons offense.

In *Anfield*, 100 Or App at 697, we cited *State v. Gerlack*, 87 Or App 184, 741 P2d 926 (1987), as authority for our determination. *Gerlack* involved the question whether, in a prosecution for unlawful possession of a weapon, it was the state's burden to prove that the defendant did not have a concealed weapon permit. We held in *Gerlack* that the state did not have that burden. We subsequently overruled that holding in *State v. Brust*, 158 Or App 455, 459-60, 974 P2d 734, *rev den*, 329 Or 61(1999):

> "In *Gerlack*, we held that ORS 166.250 does not require the state to prove, as an element of the offense, that a person did not have a license to carry a concealed handgun.
>
> "* * * * *
>
> "We questioned that holding in our more recent opinion in *State v. Vasquez-Rubio*, 134 Or App 646, 897 P2d 324 (1995)[, *aff'd*, 323 Or 275, 917 P2d 494 (1996)]. In that case, we examined a similarly worded statute [regarding possession of a machine gun]. * * * We rejected the state's reliance

on *Gerlack*, among other things, because *Gerlack* was probably improperly decided [because it failed to even evaluate the language of the statute]."

In *Brust*, we said that "[i]t is clear that *Gerlack* no longer can be regarded as good law." *Id.* at 461. And we concluded that the relevant statute "requires the state to prove, as an element of the offense, that [a] defendant did not have a license to carry the firearm as required by law." *Id.* at 462.

In light of our conclusion that Wheeler's search was valid as a search incident to the arrest for unlawful use of mace, we need not address whether *Anfield* remains good law in light of *Gerlack* being overruled by *Brust*. Similarly, we need not address defendant's contention that the search constituted an invalid administrative search.

Affirmed.