STATE OF OREGON,
*Respondent,*

*v.*

SEAN DOHERTY,
*Appellant.*

(M824699, M824700; CA A44740)

757 P2d 860

David T. McDonald, Portland, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a judgment convicting him of driving while suspended, ORS 811.175, and of causing unreasonable noise. ORS 815.025. He assigns as error the denial of his motion to suppress evidence obtained as a result of the stop of his motorcycle. He argues that the police did not have sufficient cause to stop him.

Defendant was stopped by a police officer for an exhibition of acceleration, ORS 811.125(1)(d), and was charged with that as well as with driving while suspended. He moved to suppress evidence discovered as a result of the stop, asserting that he had not committed an exhibition of acceleration. The trial court agreed but held that defendant had violated ORS 815.025:

> "A person commits the offense of causing unreasonable noise with a vehicle if the person operates upon any highway any motor vehicle so as to cause any greater noise or sound than is reasonably necessary for the proper operation of the vehicle."

Having concluded that there was a legal basis for the stop, the court denied the motion to suppress. Defendant was found guilty of causing unreasonable noise and of driving while suspended.

Defendant argues, and the state concedes, that, because causing unreasonable noise is not a lesser included offense of an exhibition of acceleration, he should not have been convicted of causing unreasonable noise. We agree.

Defendant also argues that the trial court erred in denying his motion to suppress evidence of the stop. We disagree. The officer testified that he observed defendant pull into the street from a parking lot and accelerate to a high speed and that he heard loud engine noise. Although the officer did not cite defendant for causing unreasonable noise, the facts relied upon by the officer, when viewed objectively, provided probable cause to believe that that traffic infraction had been committed. *See State v. Carter/Dawson,* 287 Or 479, 485, 600 P2d 873 (1979); *State v. Fleming,* 63 Or App 661, 665 P2d 1235 (1983). The stop was valid.

Conviction for causing unreasonable noise reversed; otherwise affirmed.