## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS ROBERT BAER,
*Appellant.*

(DA339467, M851826; CA A48490)

776 P2d 876

Martin W. Reeves, Portland, argued the cause for appellant. With him on the brief was Reeves & Kahn, Portland.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from a conviction for driving while suspended, ORS 811.175, and for violating a Portland ordinance against carrying a loaded firearm. City of Portland Code § 14.32.010(c). He assigns as error the denial of his motion to suppress evidence obtained as the result of a stop of his vehicle. We affirm.

Portland Police Officer Buchtel saw defendant driving a black pickup truck without a front license plate. He followed the vehicle and noticed that it had a South Dakota license plate on the rear. Buchtel stopped the vehicle and learned that defendant's driving privileges had been suspended. He took defendant into custody on that charge, the vehicle was impounded and, during the resulting inventory, officers found two rifles behind the pickup seat, one of which was loaded.

Defendant's only contention is that the stop was unlawful. According to defendant, ORS 810.410(3) authorizes a traffic stop only if an infraction actually has occurred; moreover, the state must specify what infraction a defendant has committed. He argues that the state did not cite any provision of the Oregon Motor Vehicle Code that defendant violated by failing to display two South Dakota license plates. Because it did not carry its burden, he contends, the evidence must be suppressed.

**1, 2.** It is true that, in a motion to suppress evidence obtained as the result of a traffic stop, the state must justify the stop by specifying the infraction that the defendant committed. *State v. Hart,* 85 Or App 174, 176, 735 P2d 1283 (1987). In this case, the state has met its burden. Buchtel testified at the hearing on the motion that defendant had committed the violation of "not displaying a front license plate which has to be permanently affixed to the front of the vehicle and the rear of the vehicle." ORS 803.545 provides, in part:

"(1)   A person commits the offense of failure to display plates on an out-of-state vehicle if the person operates a vehicle that is registered in any jurisdiction other than this state and the person does not display the registration plates assigned to and furnished for the vehicle by the registering jurisdiction[.]

"* * * * *

"(3)  The offense described in this section, failure to display plates on an out-of-state vehicle, is a Class C traffic infraction."

South Dakota law requires that vehicles display two license plates.[1] Therefore, defendant violated ORS 803.545 when he failed to display them.

**3.**  Defendant also contends, however, that the stop was not supported by probable cause. According to defendant, Buchtel admitted that he had no knowledge of South Dakota law. Because he had no basis for believing that defendant had committed a traffic infraction when he displayed only one South Dakota plate, defendant asserts, there was no probable cause for the stop.

That contention is incorrect. Buchtel testified that he pulled defendant's vehicle over because it had no front license plate. The officer may have been lucky in being correct about the South Dakota law. Nevertheless, both the facts and law that he relied on, viewed subjectively and objectively, provided probable cause for him to believe that a traffic infraction had been committed in his presence. *State v. Doherty,* 92 Or App 105, 107, 757 P2d 860, *rev den* 306 Or 660 (1988). It follows that the stop was lawful.

Affirmed.

---

[1] SD Codified Laws § 32-5-98 provides, in relevant part:

"Except as otherwise specifically provided, no person shall operate or drive a motor vehicle on the public highways of this state unless such vehicle shall have a distinctive number assigned to it by the department of commerce and regulation, and two number plates, bearing such number conspicuously displayed, horizontally and in an upright position, one on the front and one on the rear of such vehicle, each securely fastened, and such plates shall at all times, as far as is reasonably possible, be kept clear and free of mud, ice, or snow so as to be clearly visible."