Argued and submitted November 30, 1992, reversed and remanded for new trial
June 23, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## DARRELL STEPHEN RIVERA,
*Appellant.*

(911264; CA A73657)

855 P2d 188

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Paul Migchelbrink, Certified Law Student, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Defendant was convicted of felony driving while suspended. ORS 811.182. He assigns error to the trial court's denial of his motion to suppress evidence that he was driving while suspended, contending that the stop was unlawful. We agree, and reverse.

Officer Bergin was parked on the side of a narrow, one-lane road when defendant drove by slowly in a 1966 pickup truck. Bergin noticed a child partially standing on the seat of the truck, with his hands on the dashboard. Bergin stopped defendant for a potential violation of ORS 811.210(1)(b), the safety belt law, which provides, in part:

> "(1)   A person commits the offense of failure to use safety belts if the person:
>
> "* * * * *
>
> "(b)   Operates a motor vehicle on the highways of this state with a passenger who is under 16 years of age and the passenger is not properly secured with a child safety system, safety belt or safety harness as required by subsection (2) of this section [.]"

ORS 811.210 does not apply to all vehicles in Oregon. ORS 811.215 provides, in part:

> "*ORS 811.210 does not apply to*:
>
> "* * * * *
>
> "(2)   *Any vehicle not required to be equipped with safety belts or safety harnesses at the time the vehicle was manufactured,* unless safety belts or safety harnesses have been installed in the vehicle." (Emphasis supplied.)

At the suppression hearing, Bergin testified that he knew that safety belts or harnesses were optional for the type and year of vehicle that defendant had been driving. Defendant claims that this testimony shows that the officer knew facts that exempted defendant's vehicle from the law on which the stop was based and that the officer therefore did not have probable cause to believe that defendant had committed the infraction for which he was stopped. We agree.

A police officer is authorized to stop a vehicle when the officer observes the vehicle committing a traffic offense. *State v. Zigler,* 100 Or App 700, 703, 788 P2d 484 (1990). The

officer may issue a citation for the infraction. *State v. Hart*, 85 Or App 174, 176, 735 P2d 1283 (1987). Toward that end, the officer is authorized by ORS 810.410(3)(b) to

> "stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification, and issuance of citation."

In *State v. Hart, supra*, we observed that the traffic stop statute "presupposes that a traffic infraction *has occurred*, not merely that the officer believed that the defendant's observed conduct was unlawful." 85 Or App at 176. (Emphasis supplied.)

When there is a dispute about whether an infraction was committed, we examine the facts that the officer relied on in order to determine whether, when viewed objectively, those facts provide probable cause to believe that the infraction had been committed. *See, e.g., State v. Doherty*, 92 Or App 105, 107, 757 P2d 860, *rev den* 306 Or 660 (1988). When a defendant moves to suppress evidence on the ground that a traffic stop was unlawful, the state has the burden of identifying the specific infraction that the officer had probable cause to believe was committed in the officer's presence, because, under ORS 810.410(3)(b) and *State v. Hart, supra*, it is the existence of an infraction, or the existence of facts supporting probable cause to believe that an infraction has been committed, that gives rise to the officer's authority to stop the vehicle.

In this case, the infraction described in ORS 811.210(1)(b) could have been committed by defendant in the vehicle that he was driving, only if safety belts or harnesses had been installed. ORS 811.215(2). Although Bergin testified that it has been his experience that 1966 pickup trucks "often" have restraints, he did not testify to any facts leading him to believe that safety belts or harnesses had been installed in the truck that defendant was driving. In the absence of a basis for believing that such restraints had been installed, Bergin could not have had probable cause to believe that defendant had committed the traffic infraction for which he was stopped. Without probable cause to believe that a traffic infraction had been committed in his presence, Bergin had no authority to stop the vehicle, ORS 810.410; *see State v.*

*Baer,* 97 Or App 467, 776 P2d 876 (1989), and the trial court erred in failing to suppress the evidence.

■    The state argues that Bergin was authorized to stop defendant's vehicle because "there was no way of knowing whether or not this particular vehicle was equipped" with safety belts or harnesses until the vehicle was stopped and the officer had looked inside.[1] The state misunderstands the law. ORS 810.410(3) does not authorize police officers to stop every vehicle on a suspicion that, on further investigation, it *might* be determined that there has been a traffic infraction; there must be probable cause to believe a violation has actually been committed in order to justify the stop. In other words, the basis for the stop must exist *before* the stop occurs. Probable cause to believe that a defendant has committed a traffic infraction cannot be based on facts which became known only *after* the vehicle has been stopped; it must be based on the facts known at the time defendant's vehicle is removed from the stream of traffic. To hold otherwise would make a mockery of the liberty interests that the probable cause requirement is intended to protect.

Based on the facts known to him at the time he stopped the vehicle defendant was driving, the officer did not have probable cause to believe that defendant had committed the traffic infraction for which he was stopped. The stop was therefore unlawful, and the trial court erred in failing to suppress the evidence.[2]

Reversed and remanded for a new trial.

---

[1] There are many ways, short of stopping the vehicle, that Bergin could have known or had probable cause to believe that the truck had been equipped with safety belts or harnesses. For example, he could have seen shoulder harnesses, whether in use or not, or part of a lap belt as the truck slowly drove by him.

[2] Defendant also argues that, even if the initial stop was lawful, the reason for the stop evaporated before the evidence was gathered, because of a separate exception to the safety belt requirement. ORS 811.215(5) provides:

"ORS 811.210 does not apply to:

"* * * * *

"(5) Any person who is a passenger in a vehicle if all seating positions in the vehicle are occupied by other persons."

Because of our determination that the initial stop was not lawful, we need not examine this argument.