Argued and submitted March 5, affirmed April 17, 1996

# STATE OF OREGON,
## *Respondent,*

*v.*

# DOUGLAS R. BERG,
## *Appellant.*

(68840; CA A88601)

914 P2d 1110

Jaye Wickham Taylor argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant appeals from a conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence. Based on defendant's arguments below and here, we affirm.

On December 17, 1994, at 2:17 a.m., Dundee police officer Johnson stopped defendant for the traffic infraction of speed racing, ORS 811.125. When he encountered defendant, Johnson smelled a moderate odor of alcohol on defendant's breath and noticed that his eyes were bloodshot. Based on those observations, Johnson asked defendant to get out of his car and to walk back toward Johnson's patrol car. Defendant acquiesced in that request but lost his balance while walking toward the patrol car. Johnson asked defendant if he had been drinking that evening, and defendant replied that he had drunk five beers. Johnson then asked defendant to perform field sobriety tests and provided the advice required by ORS 813.130. Defendant agreed and Johnson administered eight tests. At the conclusion of the tests, Johnson arrested defendant for DUII and drove him to the Newberg police station where he administered a breath test that indicated that defendant's blood alcohol level was .151 percent.

Before trial, defendant moved to suppress the evidence of his performance on the field sobriety tests and the breath test. The trial court denied the motion and defendant subsequently was found guilty of DUII.

On appeal, defendant offers alternative arguments to support his contention that the trial court erred in denying his motion to suppress. First, he maintains that, because Johnson did not have subjective probable cause to believe that defendant had been driving while intoxicated, Johnson lacked legal authority to ask defendant to perform field sobriety tests. Alternatively, defendant contends that his consent to perform field sobriety tests was invalid, because it was obtained as the result of prior illegal conduct by Johnson. According to defendant, Johnson exceeded the scope of the traffic stop when he asked defendant to get out of his car. Defendant further contends that the field sobriety search

began when defendant got out of the car and that Johnson lacked probable cause to ask him to get out of the car. Because it is dispositive, we address only defendant's alternative argument.

In *State v. Dominguez-Martinez*, 321 Or 206, 212, 895 P2d 306 (1995), the Supreme Court held that

"an officer who stops a person for a traffic infraction may investigate only that infraction, unless the state can point to some basis other than the traffic infraction to broaden the scope of the investigation."

In this case, Johnson testified that he asked defendant to get out of his car because he had observed him speeding and had smelled alcohol on defendant's breath. Johnson also testified that when he first contacted defendant he noticed that defendant's eyes were 912 P2d 379 (1996), we held that reasonable suspicion is the proper standard for permitting a police officer to broaden the scope of an investigation during a traffic stop. Here, Johnson had reasonable suspicion to believe that defendant was driving while intoxicated, because he smelled the odor of alcohol on defendant's breath and saw defendant's bloodshot eyes. Consequently, Johnson was acting within his authority when he asked defendant to get out of his car.[1]

Next, relying only on *State v. Williamson*, 307 Or 621, 772 P2d 404 (1989), defendant contends that where evidence is obtained as a result of police exploitation of an illegal search, *i.e.*, asking him to get out of the car, the evidence must be suppressed despite defendant's subsequent voluntary consent to perform field sobriety tests. That argument fails, because it rests on a false premise. As explained above, Johnson was acting within his authority when he asked defendant to get out of his car, and defendant consented to do so. Johnson's subsequent request that defendant perform field sobriety tests was not an exploitation of a prior illegal search.

---

[1] In the light of this holding, we need not decide whether the field sobriety search began when defendant got out of his car. Even if it did, defendant consented to that search when he acquiesced in Johnson's request to get out of the car. The trial court found that, "[a]t [Johnson's] request, the defendant voluntarily got out of his car." The record supports that finding.

The trial court did not err in denying defendant's motion to suppress.

Affirmed.