Argued and submitted December 20, 1996, reversed and remanded
October 22, 1997

# STATE OF OREGON,
*Appellant,*

*v.*

# DAVID SPRUILL,
*Respondent.*

## (95-4481-C; CA A93798)

948 P2d 726

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant was charged with driving under the influence of intoxicants (DUII). ORS 813.010. The state appeals an order granting defendant's motion to suppress evidence obtained by and resulting from defendant's performance of field sobriety tests. ORS 138.060(3). We reverse.

The following evidence was introduced at the hearing on defendant's motion to suppress: At approximately 1:00 a.m. on October 12, 1995, Ashland Police Officer Bailey stopped defendant because the license tags on his pickup truck had expired. When Bailey turned the overhead lights on her patrol car on, defendant immediately pulled over, abruptly got out of his truck and approached her. Bailey testified that that reaction to getting pulled over was "very uncommon" and made her "observation [of defendant] a little more heightened and alert." She testified:

"As soon as we met face to face, he immediately started talking and explaining. He talked about how he had just purchased the truck, he was trying to re-register it. He was talking quite rapidly at that point, without much prompting."

The prosecutor then asked Bailey if she had noticed any factors that had led her to believe that defendant had been drinking. She responded:

"I did. As soon as we were speaking, I could smell on his breath * * * an odor of an alcoholic beverage[.] He also appeared to be somewhat distracted. He would lose his train of thought and not answer my questions directly when we were talking."

Bailey stated that it was a mild-to-moderate odor of alcohol on defendant's breath. She asked defendant directly if he had been drinking. He said that he "had been drinking since about eight o'clock that night." At that point, Bailey "was convinced that defendant was impaired." She testified that, based on her "experience and training" as a police officer, she concluded that she had probable cause to believe defendant was driving under the influence of intoxicants and she asked

him to perform field sobriety tests. After defendant performed the tests, Bailey arrested him for driving under the influence of intoxicants.

Before trial, defendant moved to suppress any evidence obtained by and resulting from defendant's performance of field sobriety tests. Defendant argued that Bailey conducted an unlawful search under Article I, section 9, of the Oregon Constitution when she administered the field sobriety tests. The state conceded that Bailey had conducted a search but argued that the search was justified by probable cause and exigent circumstances. The trial court concluded that Bailey did not have probable cause before she administered the field sobriety tests because, although she subjectively believed that she had probable cause, that belief was not objectively reasonable. Therefore, it granted defendant's motion to suppress. The state appeals.

The state conducts a search under Article I, section 9, of the Oregon Constitution when it requires a person to perform field sobriety tests. *Winroth v. DMV*, 140 Or App 622, 625, 915 P2d 991 (1996); *see also State v. Nagel*, 320 Or 24, 31, 880 P2d 451 (1994). As a consequence, before conducting those tests, the state must have a warrant or the search must come within one of the recognized exceptions to the warrant requirement. *See State v. Paulson*, 313 Or 346, 351, 833 P2d 1278 (1992). On appeal, the state argues that Bailey's request that defendant perform field sobriety tests was proper because it was made after she had probable cause to believe that defendant was driving under the influence of intoxicants and under exigent circumstances, a recognized exception to the warrant requirement. *See State v. Moylett*, 313 Or 540, 548, 836 P2d 1329 (1992).

Probable cause exists when an officer subjectively believes that a crime has been committed and that belief is objectively reasonable in the circumstances. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). The belief must be that it is more likely than not that a crime has been committed. *State v. Chambless*, 111 Or App 76, 80, 824 P2d 1183, *rev den* 313 Or 210 (1992). Therefore, to establish that Bailey had probable cause, the state had to show that, before administering the field sobriety tests, Bailey subjectively believed

that it was more likely than not that defendant was perceptibly impaired due to the consumption of alcohol and that that belief was objectively reasonable. ORS 813.010. On appeal, defendant does not contest the trial court's ruling that Bailey held the requisite subjective belief. Therefore, the only issue presented is whether that belief was objectively reasonable.[1] In making that determination,

> "[w]e look at the totality of the facts and circumstances, not isolated facts. Acts that might be viewed as innocent or equivocal to a lay person may be incriminating when viewed by a trained, experienced police officer."

*State v. Mendoza*, 123 Or App 237, 241, 858 P2d 1350 (1993).

We conclude that Bailey's belief that it was more likely than not that defendant was perceptibly impaired due to the consumption of alcohol was objectively reasonable in the circumstances. It was approximately 1:00 a.m. when Bailey pulled defendant over. He abruptly got out of the vehicle to speak with her, which is an uncommon reaction to being pulled over. That reaction heightened Bailey's observation of his behavior. As soon as they were "face to face," defendant immediately began "talking and explaining" his situation to Bailey without prompting. He was "somewhat distracted" and "would lose his train of thought and not answer [her] questions directly." There was a "mild to moderate" odor of alcohol on defendant's breath and he told Bailey that he had been drinking for approximately five hours.

Bailey was a highly experienced officer, having investigated DUII offenses since 1984. She testified that it was defendant's admission of drinking for approximately five hours that led her to the conclusion that defendant's thought processes, as reflected by his unusual speech characteristics, his distracted demeanor and his inability to concentrate on a train of thought or to directly answer her questions while they were talking, were attributable to the consumption of alcohol. All of those behavior characteristics are recognized symptoms of a person who is impaired by the consumption of

---

[1] Defendant does not dispute that exigent circumstances exist in this case. Therefore, we do not address that issue.

alcohol. *State v. Clark*, 286 Or 33, 39-40, 593 P2d 123 (1979). Although there may have been other plausible explanations for defendant's behavior, Bailey was not required to consider and eliminate those possible explanations before concluding that that behavior, in combination with the odor of alcohol on defendant's breath and his admission of drinking for five hours, gave rise to probable cause that defendant was driving under the influence of intoxicants. *See State v. Gilmour*, 136 Or App 294, 300 n 7, 901 P2d 894, *rev den* 322 Or 360 (1995). Given the attendant circumstances, we conclude that Bailey's conclusion that it was more likely than not that defendant was DUII was reasonable. The trial court erred in concluding otherwise.[2]

Reversed and remanded.

---

[2] No issue was raised on appeal about the admissibility of the field sobriety tests other than whether the officer had probable cause to conduct them. Hence, we do not address any other issue about the admissibility of them.