Argued and submitted February 22, reversed and remanded December 29, 1999, petition for review denied May 9, 2000 (330 Or 331)

## STATE OF OREGON,
*Appellant,*

*v.*

## RANDY LYNN BOURGET-GODDARD,
*Respondent.*

(9760694; CA A102745)

993 P2d 814

James R. George, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Daniel M. Carroll, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

The state appeals an order granting defendant's motion to suppress evidence obtained as a result of a traffic stop on the ground that the arresting officer lacked probable cause to stop defendant for a traffic infraction. We reverse and remand.

The relevant facts are not in dispute. Officers Testa and Edwards saw defendant driving a 1977 Chevy Nova with a passenger in the front seat. The officers saw that the vehicle had shoulder belts and that neither defendant nor the passenger appeared to be wearing them. Specifically, the officers noticed that the straps appeared to be hanging down vertically from the side of the car. The officers believed, based on their training and experience, that the position of the straps was inconsistent with wearing seat belts. They stopped the vehicle for failure to wear a seat belt. In the course of the stop, the officers discovered evidence that led them to arrest defendant for driving under the influence of intoxicants.

Defendant moved to suppress the evidence of intoxication on the ground that the officers lacked probable cause to believe that he had violated the seat belt law. According to defendant, the seat belt law includes a number of exemptions from the requirement that all drivers and passengers must wear seat belts, and the officers lacked probable cause to believe that each of the exemptions did not apply.

The trial court agreed with defendant. The court explained: "I find it difficult to see how under the statutory scheme an officer could ever have probable cause to stop for this infraction." According to the trial court, the exemptions "are complete exemptions and not affirmative defenses or defenses," and there is no evidence that the officers had cause to believe that each of the exemptions did not apply. The trial court also mentioned in its order and opinion that the state presented no evidence as to the officers' knowledge about the "actual state of affairs" concerning the 1977 Chevy Nova that defendant had been driving, that is to say, whether, given the configuration of the seat belts as installed in that particular model of automobile, it would have appeared to the officers that the seat belts were not engaged even if they, in fact, were

engaged. It is not clear, however, what import the trial court drew from that finding.

On appeal, the state argues that the trial court erred in concluding that the officers lacked probable cause to believe that defendant had violated the seat belt law. According to the state, because the exemptions are in the nature of negative averments, the officers were not required to have probable cause to believe that none of the exemptions applied. Defendant does not respond to that argument. Instead, defendant argues that the trial court's decision was correct, because the state failed to prove that, given the nature of the particular configuration of the seat belts in a 1977 Chevy Nova, the officers had probable cause to believe that defendant and his passenger were not wearing them.

ORS 811.210 provides, in part:

"(1)   A person commits the offense of failure to use safety belts if the person:

"(a)   Operates a motor vehicle on the highways of this state and is not properly secured with a safety belt or safety harness as required by subsection (2) of this section;

"* * * * *

"(c)   Is a passenger in a motor vehicle on the highways of this state who is 16 years of age or older and who is not properly secured with a safety belt or safety harness as required by subsection (2) of this section.

"(2)   To comply with this section:

"* * * * *

"(b)   A person who is at least four years of age or weighs more than 40 pounds must be properly secured with a safety belt or harness * * *."

ORS 811.215 describes various exemptions from the requirements of ORS 811.210:

"ORS 811.210 does not apply to:

"(1)   Privately owned commercial vehicles * * *.

"(2)   Any vehicle not required to be equipped with safety belts or safety harnesses at the time the vehicle was

manufactured, unless safety belts or safety harnesses have been installed in the vehicle.

"(3) Any vehicle exempted by ORS 815.080 from requirements to be equipped upon sale with safety belts or safety harnesses.[1]

"(4) Any person for whom a certificate is issued by the Department of Transportation under ORS 811.220.[2]

"(5) Any person who is a passenger in a vehicle if all seating positions in the vehicle are occupied by other persons.

"(6) Any person who is being transported while in the custody of a police officer or any law enforcement agency.

"(7) Any person who is delivering newspapers or mail in the regular course of work.

"(8) Any person who is riding in an ambulance for the purpose of administering medical aid to another person in the ambulance, if being secured by a safety belt or safety harness would substantially inhibit the administration of medical aid.

"(9) Any person who is reading utility meters in the regular course of work."

An officer may stop a vehicle when he or she has probable cause to believe that the driver has committed a traffic offense. *State v. Matthews*, 320 Or 398, 402, 884 P2d 1224 (1994). "Probable cause" means that the officer subjectively believes that an offense occurred and that the belief is objectively reasonable. *Id.* at 403. It bears emphasis that it is not necessary that a traffic offense actually occurred, only that there be probable cause to believe that a traffic offense occurred. *Id.*; *see also State v. Rivera*, 121 Or App 246, 249, 855 P2d 188 (1993) ("[I]t is the existence of an infraction, or the existence of facts supporting probable cause to believe

---

[1] ORS 815.080 provides that school buses and school activity vehicles that are subject to equipment standards adopted by the Department of Education or the State Board of Higher Education are not subject to the seat belt law.

[2] ORS 811.220 authorizes the Director of Transportation to issue a certificate of exemption from the seat belt law for any person who obtains a statement from a physician that sets forth reasons why use of a seat belt would be impractical or harmful to the person by reason of physical condition, medical problem, or body size.

that an infraction has been committed, that gives rise to the officer's authority to stop the vehicle.").

In determining whether probable cause exists to support a stop, we look to the record as to the elements of the offense itself. Officers are not required to eliminate all possible lawful explanations for conduct that reasonably appears to violate the law. *See, e.g., State v. Spruill*, 151 Or App 87, 92, 948 P2d 726 (1997) (officer not required to consider and eliminate possible explanations for a driver's apparently impaired condition); *State v. Gilmour*, 136 Or App 294, 300 n 7, 901 P2d 894, *rev den* 322 Or 360 (1995) ("officer was not required to explore and eliminate all possible alternative explanations for the smell of alcohol in defendant's vehicle" to establish probable cause for driving under the influence). Nor is the state required to eliminate the possible applicability of defenses or statutory exemptions that do not describe a necessary element of the offense itself. *See State v. Vasquez-Rubio*, 323 Or 275, 278-79, 917 P2d 494 (1996) (state does not have the burden to prove exceptions that are not descriptive of an offense); *State v. Merrill*, 135 Or App 408, 414 n 5, 899 P2d 712 (1995), *rev dismissed* 323 Or 73 (1996) ("The burden of proof of any exemption or exception is upon the person claiming it."); *State v. Wadekamper*, 68 Or App 750, 754, 683 P2d 168 (1984) (state is not required to negate statutory exemptions in charging instrument).

In this case, ORS 811.210 sets out the elements of the offense of failure to wear a seat belt. A separate statute, ORS 811.215, provides exemptions to that offense. Nothing in the language of either statute suggests that the exemptions are descriptive of an element of the offense itself. They are clearly set out as exemptions to the offense, that is, matters requiring affirmative proof by the party claiming the benefit of them. Accordingly, the state was not required to establish that the officers had probable cause to believe that none of the exemptions to ORS 811.210 applied, and the trial court erred in concluding otherwise.

Defendant contends that the trial court's decision nevertheless should be affirmed. Relying on our decision in *Rivera*, defendant argues that, given the configuration of seat belts on a 1977 Chevy Nova—which apparently rendered it

impossible to tell whether defendant and his passenger in fact were wearing them—the officers' belief that defendant and his passenger were not wearing seat belts was not reasonable.

In *Rivera*, the officer testified that he knew that seat belts were optional for the particular model and year of vehicle that the defendant had been driving. Because of that actual knowledge, we held that the officer's observation that a passenger in the defendant's vehicle was not wearing a seat belt was insufficient to establish probable cause that the seat belt law had been violated. *Rivera*, 121 Or App at 248-49. In this case, the officers had no such knowledge concerning the 1977 Chevy Nova that defendant drove. The fact that it later turned out to be the case that the configuration of the seat belts on that model of automobile made it impossible to tell whether a driver or passenger actually had engaged them is beside the point. Probable cause is determined on the basis of an officer's belief *at the time of the stop* and its reasonableness *at the time of the stop*. *State v. Esplin*, 314 Or 296, 304, 839 P2d 211 (1992). Whether the officer's subjective and objectively reasonable belief is later validated as correct is irrelevant. *Id.*

Reversed and remanded.