***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted April 11, affirmed June 29, petition for review denied November 3, 2022 (370 Or 455)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH VINCENT GALLAGHER,
*Defendant-Appellant.*

Jackson County Circuit Court
20CR24971; A175304

Lisa C. Greif, Judge.

Joel C. Duran, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

POWERS, P. J.

Affirmed.

**POWERS, P. J.**

Defendant appeals from a judgment convicting him of driving under the influence of intoxicants (DUII), ORS 813.010, arguing that the trial court erred in denying his motion to suppress. Relying on the legislature's enactment of a moratorium on the issuance of specified citations due to the COVID-19 pandemic, *see* Or Laws 2020, ch 15, § 21(2), defendant contends that the deputy lacked a lawful basis to initiate the traffic stop. As explained below, because it is uncontested that the legislature enacted that moratorium months after the deputy stopped defendant, we conclude that the legislature's enactment of a retroactive moratorium on the issuance of specified traffic citations has no bearing on whether the deputy had probable cause at the time of the stop. Accordingly, we affirm.

On April 9, 2020, Deputy Reyes was on patrol when he saw defendant driving without a front license plate. Assuming that defendant's car was registered in Oregon and was required to have a front license plate, Reyes followed defendant. After Reyes got behind defendant's car, he noticed that defendant actually had a Louisiana license plate with a registration sticker from 2019. Believing that defendant's registration was expired, Reyes called dispatch and received confirmation that defendant's registration had expired on October 20, 2019. Reyes initiated a traffic stop based on the expired tag. As defendant pulled over, Reyes observed defendant turn "too far over to the right" so that both of his passenger-side tires hit the curb. When Reyes approached defendant's car, he saw multiple signs of intoxication and a bottle of hard liquor by defendant's feet. Reyes asked defendant to step out of the car and for consent to conduct field sobriety tests. Eventually, Reyes arrested defendant for DUII.

Before trial, defendant moved to suppress the evidence discovered as a result of the traffic stop, arguing that, under Senate Bill (SB) 1601 (2020), there was a moratorium on the issuance of citations for having expired registration. The legislature had adopted SB 1601 in June 2020, which took effect on July 7, 2020. The bill arose because field offices for the Driver and Motor Vehicle Services Division

(DMV) "were unable to process non-commercial transactions due to the pandemic, [and] many Oregonians [had] expired driver licenses, permits, and vehicle registrations." Exhibit 7, Joint Interim Committee of the First Special Session, SB 1601, June 25, 2020 (letter from Lindsay Baker, Assistant Director, Oregon Department of Transportation). SB 1601 served as an effort to provide "statutory immunity for certain violations during a certain time period *** to ensure Oregonians [were not] penalized as a result of DMV office closures." *Id.* Among other provisions, section 21(2) of the law provides that an officer "may not issue a citation for a traffic offense based upon a document or credential that expired or a document that was not submitted to the [DMV] during the period beginning on March 1, 2020, and ending on December 31, 2020," and section 21(3) provides that a court shall dismiss any citations issued in violation of section 21(2). *See* Or Laws 2020, ch 15, §§ 21(2)-(3).[1]

---

[1] Section 21 of SB 1601 provides, in part:

"(2) Notwithstanding any other provision of law, a police officer may not issue a citation for a traffic offense based upon a document or credential that expired or a document that was not submitted to the department during the period beginning on March 1, 2020, and ending on December 31, 2020. This subsection applies to the following offenses:

"(a) Unlawful parking in a space reserved for persons with disabilities under ORS 811.615. This paragraph applies only to individuals who displayed a disabled person parking permit, issued by this state or another jurisdiction, at the time of the offense but the permit expired during the period described in this subsection.

"(b) Operating a vehicle without driving privileges under ORS 807.010.

"(c) Failure to register a vehicle under ORS 803.300.

"(d) Failure to pay the appropriate registration fee under ORS 803.315.

"(e) Permitting unlawful operation of an unregistered vehicle under ORS 803.320.

"(f) Purchase and use of an out-of-state registered vehicle by a resident under ORS 803.325.

"(g) Failure to surrender out-of-state registration under ORS 803.380.

"(h) Failure to submit a declaration of weight under ORS 803.440.

"(i) Failure to renew vehicle registration under ORS 803.455.

"(j) Improper display of validating stickers under ORS 803.560.

"(k) Failure of a person to hold a trip permit when required under ORS 803.600(10).

"(3) If a police officer issues a citation in violation of subsection (2) of this section, the court shall dismiss the charge."

Or Laws 2020, ch 15, § 21.

At the suppression hearing, Reyes testified that his "only basis for the stop was the expired tags." When asked about SB 1601, Reyes testified that he was aware of the bill but explained that it was his understanding that he could still conduct traffic stops based on probable cause, because the main objective in conducting traffic stops was "not only to issue a citation or fine someone for being in violation," but also to educate the public.[2] Defendant argued that, because a driver could not receive a citation between March 1, 2020 and December 31, 2020, for expired registration under SB 1601, Reyes lacked any constitutional basis to conduct the stop, and because the stop was not justified by any other basis, the stop violated Article I, section 9, of the Oregon Constitution. In response, the state remonstrated that the prohibition on issuing citations applied only to documents that expired during the "period beginning on March 1, 2020, and ending on December 31, 2020," and that, because defendant's registration expired in October 2019, Reyes had probable cause to stop and investigate defendant for expired registration. The state further argued that SB 1601 did not "repeal other laws or violations or limit law enforcement's ability to conduct traffic stops on the listed offenses" in section 21, and therefore, the stop was lawful.

The trial court denied defendant's motion to suppress, concluding that SB 1601 did not apply to the circumstances under which defendant was stopped because defendant's registration expired in 2019, and "the period of time in Section 21(2) of March 1[], 2020 to December 31[], 2020 applie[d] both to citations for traffic offenses based on documents that expired and to documents that were not submitted to the department during that period." Concluding that the stop was supported by probable cause, the trial court denied the motion to suppress. Defendant then entered a conditional guilty plea, reserving his right to challenge the court's denial of his motion to suppress.

On appeal, the parties generally renew the arguments that they made before the trial court, including

---

[2] Although Reyes's testimony appears to suggest that he believed that SB 1601 was already in effect at the time of the stop, the legislature had not yet enacted SB 1601 when Reyes initiated the traffic stop.

opposing views on how to interpret the text of SB 1601. As explained below, however, we need not reach the merits of the parties' statutory construction arguments because SB 1601 was not in effect at the time Reyes stopped defendant and because there is nothing in the legislature's enactment that affects whether there was probable cause at the time of the stop. *See State v. Bourget-Goddard*, 164 Or App 573, 579, 993 P2d 814 (1999), *rev den*, 330 Or 331 (2000) (explaining that "[p]robable cause is determined on the basis of an officer's belief at the time of the stop and its reasonableness at the time of the stop" (emphasis omitted)); *see also State v. Esplin*, 314 Or 296, 304, 839 P2d 211 (1992) (explaining that probable cause to search refers "to the time that the officer acts" and that "[a]t that time, the officer must subjectively believe that a crime has been committed and that a thing is subject to seizure, and the officer's belief need only be objectively reasonable then" (emphasis omitted)).

As noted earlier, SB 1601 was adopted in June 2020 and did not go into effect until July 7, 2020, which was three months after defendant was stopped. Thus, at the time Reyes initiated the traffic stop of defendant, there was no moratorium on specified traffic offenses. Although SB 1601 applies retroactively in certain respects and directs a court to dismiss citations for the specified offenses that are covered by section 21(2) of the bill, defendant never received a citation for failing to have valid registration. Importantly, defendant does not otherwise challenge that Reyes had probable cause to stop defendant's vehicle.

In short, because SB 1601 did not affect the lawfulness of Reyes's stop, the trial court did not err in denying defendant's motion to suppress.

Affirmed.