Argued and submitted August 16, reversed and remanded December 11, 2002

## CURTIS BALDEAGLE,
*Appellant,*

*v.*

## Robert O. LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

## 01-01-797-M; A114686

59 P3d 545

Bob Pangburn argued the cause for appellant. With him on the brief was Rebecca Neal-Richardson.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief as untimely. Petitioner contends that he constructively filed his petition within the applicable two-year statute of limitation. ORS 138.510(3)(b). We review for legal error and reverse.

The facts are undisputed. Petitioner was convicted in 1996 of two counts of sexual abuse. We affirmed his convictions on direct appeal, *State v. Baldeagle*, 154 Or App 234, 961 P2d 264, *rev den*, 327 Or 621 (1998), and our decision on appeal became final on December 9, 1998. Petitioner sought post-conviction relief from his conviction in December 2000. He had his petition for post-conviction relief and affidavit of indigency notarized on December 1, and he thereafter mailed them to the Malheur County Circuit Court. On December 11, he received a letter about his petition from the trial court administrator for the court. The letter said, in part:

> "The Court is in receipt of the above Petition and accompanying documents.
>
> "Please be advised there is a $25.00 filing fee required to file the petition and a $20.00 fee for the appointment of counsel.
>
> "A CD28 for the filing fee and the attorney application fee needs to be submitted to the business office. They will do one of two things: (1) If there are adequate funds in your trust account they will issue a check for the $25.00 filing fee and the $20.00 application fee and have you forward the check(s) to the Court. (2) If there are not enough funds in the trust account, they will provide you with a copy of the CD28(s) and original of Lien Certificates, certified by them. You need to forward those documents to the Court and your Petition will be filed and assigned a number."

The letter was dated December 6. The court clerk filed the petition for post-conviction relief on January 3, 2001, after petitioner had provided the requested documents.

Defendant moved to dismiss the petition on the ground that petitioner had not filed it within the applicable statute of limitation. Under ORS 138.510(3)(b), petitioner had to file his petition within two years of the entry of the

appellate judgment in his criminal case, that is, by December 9, 2000. Defendant contended that the petition was untimely because the clerk did not file it until January 3, 2001.

In response, petitioner argued that he had constructively filed his petition when he submitted it and the affidavit of indigency in early December. According to petitioner, his petition should have been deemed filed no later than the date that the court acknowledged receipt of the petition and affidavit, which the court's letter showed to be December 6, 2000. Petitioner also argued that the forms that the trial court administrator requested in the letter were administrative in nature and should not have affected the actual filing of his petition. Petitioner's counsel explained the nature of the forms in a colloquy with the court:

> "[PETITIONER'S COUNSEL:] What they are referring to there is - - - is the form * * * that authorizes the Institution here to deduct monies from his account here and transmit it to the Court. This takes a little bit of time. * * *
>
> "* * * * *
>
> "[PETITIONER'S COUNSEL:] * * * Now, I—I don't know whether the Court understood my explanation of what they're—she was referring to in the CD-28, but again, let me repeat it at the risk of ...
>
> "THE COURT: What I heard was you said something about that there's a procedure at the prison, an authorization must pass for prison officials to access an inmate's money so that they—he could pay the fee. Is that what you're saying?
>
> "[PETITIONER'S COUNSEL:] Yeah. When—when there's not enough money in the Trust Account at the prison, you file the—the CD-28 authorizing the prison to— I guess directing the prison to deduct monies from the account and pay it over to the Court in Vale. Now, he has no control over these things. These are—these are administrative things. It takes time for the—this monolith out here to act. Even just in mailing a letter it takes time. But, he had done everything he possibly could do before that December 9th expiration date. And it was due to the usual administrative delays that it wasn't really recorded in Vale until in January."

The court ultimately ruled against petitioner on the ground that the petition was filed on January 3, 2001, more than two years after entry of the appellate judgment in petitioner's criminal case.

On appeal, petitioner reiterates his argument that he constructively filed his petition within the two-year statute of limitation. In support of that contention, he cites *Stull v. Hoke*, 326 Or 72, 948 P2d 722 (1997), in which the Supreme Court held that a civil action filed by an incarcerated and indigent plaintiff was commenced, for statute of limitation purposes, when the court received the plaintiff's complaint. Petitioner argues that, because post-conviction proceedings are civil proceedings, *Stull* controls. Consequently, his action for post-conviction relief was commenced when the court received his petition and affidavit, which occurred within the two-year statute of limitation. In the alternative, petitioner argues that, "as an indigent inmate, his petition should be deemed filed at the moment [that] he handed [it] to the appropriate prison authorities, with the intent that the petition be delivered to the court."

The state responds that *Stull* no longer bears on the issue in this case because the legislature amended ORS 21.110 to alter the process by which civil actions are filed. ORS 21.110(4) now requires a plaintiff in a civil action to pay a filing fee or obtain a fee deferral or waiver before the clerk can file the plaintiff's complaint. Here, the clerk filed petitioner's post-conviction petition on January 3, 2001. The clerk did that even though the court did not enter the order authorizing petitioner to proceed as an indigent person until January 4, 2001. Because the filing occurred beyond the two-year time limit specified in ORS 138.510(3)(b), the state contends that the trial court properly dismissed the petition on the ground that it was time barred.

■ We conclude that neither party's arguments are well taken because the filing issue in this case is controlled by the statutes in ORS chapter 138 that govern post-conviction relief. ORS 138.510 to 138.680 establish a distinct process for the filing of petitions for post-conviction relief. Among those provisions, ORS 138.560(1) provides that

"[a] proceeding for post-conviction relief pursuant to ORS 138.510 to 138.680 shall be commenced by filing a petition and two copies thereof with the clerk of the circuit court for the county in which the petitioner is imprisoned or, if the petitioner is not imprisoned, with the clerk of the circuit court for the county in which the petitioner's conviction and sentence was rendered. Except as otherwise provided in ORS 138.590, the petitioner shall pay a $25 filing fee at the time of filing a petition under this section. * * * The clerk of the court in which the petition is filed shall enter and file the petition and bring it promptly to the attention of [the] court."

Thus, a proceeding for post-conviction relief is commenced by filing a petition.

■      Although ORS 138.560 does not make the point explicitly, we conclude that a clerk cannot file a post-conviction petition until the petitioner has paid the $25 filing fee or has received court approval under ORS 138.590 to proceed as an indigent person. Our conclusion is based on language in subsections (2) and (8) of ORS 138.590.

Subsection (2) of that statute provides, in part:

"If the petitioner wishes to proceed as an indigent person, the person shall file with the petition an affidavit stating inability to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680, including, but not limited to, the filing fee required by ORS 138.560, or to employ suitable counsel for such a proceeding. The affidavit shall contain a brief statement of the petitioner's assets and liabilities and income during the previous year. If the circuit court is satisfied that the petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that the petitioner proceed as an indigent person."

Subsection (8) provides, in turn:

"(a)   When a petitioner has been ordered to proceed as an indigent person, all court fees in the circuit court, except for the filing fee required by ORS 138.560, are waived.

"(b)   When a petitioner is allowed to file a petition without payment of the fee required by ORS 138.560 due to inability to pay, the fee is not waived but may be drawn from, or charged against, the petitioner's trust account if the petitioner is an inmate in a correctional facility."

Taken together, those provisions indicate that the court must decide whether to permit a person to proceed as an indigent person before the clerk can file a petition without payment of the filing fee. Of course, the clerk can file the petition when the clerk receives it if it is accompanied with the filing fee.

■        Here, petitioner attempted to proceed as an indigent person by submitting his petition and affidavit of indigency to the circuit court sometime between December 1 and December 6, 2000. However, the court refused to process his petition until he also submitted CD28 forms for the filing fee and for the cost to process his indigency application. The purpose of those forms was to authorize prison officials to withdraw funds from petitioner's inmate trust account to pay the filing and processing fees. If the funds in the account were insufficient to pay the fees, the forms also served to authorize prison officials to place a lien on the trust account for the fees.[1] Those forms had nothing to do with the process authorized by ORS 138.590 by which the court was to determine whether petitioner was entitled to proceed with his post-conviction proceeding as an indigent person. Instead, they served to assist the court in collecting the fees that it was entitled to collect from petitioner's inmate trust account.

        We conclude that the court erred in delaying the filing of the petition until January 3, 2001, because the delay occurred as a result of its effort to collect or to secure collection of the filing and processing fees from petitioner's inmate trust account, not as a result of its effort to determine whether petitioner met the criteria to proceed with his post-conviction petition as an indigent person. The court received, no later than December 6, 2000, everything that ORS 138.590 required petitioner to submit to enable the court to determine whether petitioner was entitled to proceed as an indigent person. Furthermore, the court sought nothing from petitioner after that date that bore on his ability to pay the costs of his post-conviction proceeding. Finally, the clerk filed the petition one day after receiving the CD28 forms. Had the court fulfilled its obligation under ORS 138.590 to determine

---

[1] It should be noted that ORS 138.590(8)(b) gives the court the right to collect the filing fee from petitioner's inmate trust account whether or not petitioner submitted a CD28 form for the filing fee.

whether petitioner was entitled to proceed as an indigent person without waiting to obtain the CD28 forms from petitioner, the clerk apparently would have filed the petition by December 9, 2000, which is within the two-year time limit specified in ORS 138.510(3)(b). We conclude, therefore, that the court erred in dismissing the petition on the ground that it was not timely filed.

Reversed and remanded.