TOOKEY, J.
*516 *740 In this proceeding for post-conviction relief pursuant to ORS 138.510 to 138.680, petitioner appeals a limited judgment imposing filing fees. In his sole assignment of error, petitioner contends that the post-conviction court erred "in issuing a limited monetary judgment against" him. For the reasons that follow, we affirm.
"Appellate review of post-conviction proceedings is limited to questions of law appearing in the record." Dillard v. Premo , 296 Or. App. 798, 803, 441 P.3d 609 (2019). We review petitioner's arguments accordingly.
The pertinent facts are not in dispute. Petitioner filed a petition for post-conviction relief pursuant to ORS 138.510 to 138.680. Along with his petition, petitioner filed a motion requesting the "waiver or deferral of all filing fees and court costs associated with the initiation and prosecution of this post-conviction proceeding and for the appointment of suitable counsel to represent petitioner in this proceeding." The motion explained that petitioner had "no tangible assets nor moneys to draw upon to pay the costs associated with initiating and prosecuting this action." Attached to petitioner's motion was a statement detailing the then current balance of, and the transactions in, petitioner's inmate trust account.
Subsequently, the post-conviction court issued an order allowing petitioner to file the petition for post-conviction relief "without immediate payment of the filing fee." The order further provides that "[t]he filing fee is not waived[,] but shall be drawn from and charged against the [petitioner's] Department of Corrections Trust Account per ORS 138.590(a) & (b)." That order also appointed counsel for petitioner.
The post-conviction court then issued a limited judgment captioned "JUDGMENT RE: DEFERRED FEES," which imposed "[f]iling [f]ees" in the amount of $ 252. (Uppercase in limited judgment.)
On appeal, petitioner raises three arguments as to how the post-conviction court purportedly erred. First, petitioner contends that, because petitioner is proceeding as a *741 "financially eligible person" pursuant to ORS 138.590, "the executive director of the public defense services is required to pay [petitioner's] filing fee," not petitioner. Second, petitioner contends that the post-conviction court "imposed a $ 252 monetary filing fee under the presumption that this is what is required," but that that presumption was erroneous. Third, petitioner contends that the post-conviction court's "monetary judgment was issued without notice nor opportunity for hearing and without making any findings related to petitioner's ability to pay the filing fee," which petitioner contends "has been held to be improper in numerous other similar contexts."
As context for resolution of petitioner's arguments, we first consider two statutes, ORS 138.560 and ORS 138.590, which we set out in pertinent part below. In construing those statutes, our goal is to discern the legislature's intent, and to do so, we examine the text of the statute in context, along with relevant legislative history and, if necessary, canons of construction. State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). "Further, perhaps to state the obvious, any previous construction of the statute is relevant to our analysis." State v. Hutchins , 281 Or. App. 495, 501, 383 P.3d 399 (2016).
ORS 138.560(1) provides, in pertinent part:
"A proceeding for post-conviction relief pursuant to ORS 138.510 to 138.680 shall be commenced by filing a petition with the clerk of the circuit court for the county in which the petitioner is imprisoned ***. Except as otherwise provided in ORS 138.590, *517 the petitioner must pay the filing fee established under ORS 21.135 at the time of filing a petition under this section."
ORS 138.560(1) thus establishes a filing fee for petitions seeking post-conviction relief pursuant to ORS 138.510 to 138.680 and requires that that fee be paid by a petitioner at the time the petition is filed, except as otherwise provided in ORS 138.590.
ORS 138.590, in turn, provides, in pertinent part:
"(1) Any petitioner who is unable to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680 ***
*742 may proceed as a financially eligible person pursuant to this section upon order of the circuit court ***.
"(2) If the petitioner wishes to proceed as a financially eligible person, the person shall file with the petition an affidavit stating inability to pay the expenses of a proceeding ***, including, but not limited to, the filing fee required by ORS 138.560 ***. ***
"*****
"(6) When a petitioner has been ordered to proceed as a financially eligible person, the expenses which are necessary for the proceedings upon the petition in the circuit court *** shall be paid by the public defense services executive director from funds available for the purpose. ***
"*****
"(8)(a) When a petitioner has been authorized to proceed as a financially eligible person, all court fees in the circuit court, except for the filing fee required by ORS 138.560, are waived.
"(b) When a petitioner is allowed to file a petition without payment of the fee required by ORS 138.560 due to inability to pay, the fee is not waived but may be drawn from, or charged against, the petitioner's trust account if the petitioner is an inmate in a correctional facility."
Thus, for petitioners who are "unable to pay the expenses of a proceeding," ORS 138.590 creates an exception to the requirement under ORS 138.560(1) that the filing fee be paid at the time the petition is filed. ORS 138.590(1), (8). In that circumstance, "all court fees in the circuit court" other than the filing fee are waived; the filing fee, however, "is not waived but may be drawn from, or charged against, the petitioner's trust account if the petitioner is an inmate in a correctional facility." ORS 138.590(8)(b). Consequently, ORS 138.590(8)(b) authorizes the post-conviction court to do what it did in this case-viz. , order that petitioner's filing fee be drawn from and charged against petitioner's inmate trust account. Baldeagle v. Lampert , 185 Or. App. 326, 332 n. 1, 59 P.3d 545 (2002) (noting " ORS 138.590(8)(b) gives the court the right to collect the filing fee from petitioner's inmate trust account").
*743 The legislative history of ORS 138.560 and ORS 138.590 confirms that that is the correct understanding of the statutory scheme governing filing fees for proceedings for post-conviction relief brought pursuant to ORS 138.510 to 138.680. ORS 138.560 and ORS 138.590 were amended in 1995 by House Bill (HB) 2492 (1995). Or Laws 1995, ch 657, §§ 4-5. Prior to that amendment, ORS 138.560 did not require that petitioners pay a filing fee and ORS 138.590 provided for waiver of "all fees in the circuit court" for indigent petitioners. ORS 138.560 (1993) ; ORS 138.590(7) (1993).
But in 1995, the legislature decided to make a change and passed HB 2492. HB 2492 amended ORS 138.560 to require that petitioners petitioning for post-conviction relief pay "a $ 25 dollar filing fee at the time of filing a petition," except "as otherwise provided in ORS 138.590."[1] Or Laws 1995, ch 657, § 4. HB 2492 also amended ORS 138.590 to provide that, when "a petitioner is allowed to file a petition without payment of the fee required by ORS 138.560 due to inability to pay, the fee is not waived but may be drawn from, or charged against, the petitioner's trust account if the petitioner is an inmate in a correctional facility." Id. § 5.
*518 Testifying before the Senate Judiciary Committee in support of HB 2492, then Representative Kevin Mannix explained "[t]he problem that we're trying to address [in HB 2492] is simply this: a person who is incarcerated is usually indigent and will qualify to file petitions with the court as an indigent and that means that the person does not have to pay anything." Tape Recording, Senate Judiciary Committee, HB 2492, May 16, 1995, Tape 167, Side A (statement of Rep Mannix). Representative Mannix explained that this was a problem because many of the petitions filed by inmates were "frivolous" and those frivolous petitions required the "the state to use attorney time and require[d] the court to use court time to deal with [these petitioners'] complaints." Id. Representative Mannix also noted that there were no provisions at that time
*744 "for the court to say, although you are technically indigent, we are going to say that since you do have some resources and since you already are provided room and board courtesy of the state or the county that there are some resources that you are going to have to tap into if you want to use court time."
Id. Representative Mannix further explained:
"The[ ] provisions [added by HB 2492] say that the state can tap into [an inmate's] canteen account, which usually has 25, 50, 75 dollars in it, in order to pay for [the inmate's] access to the court and allows the government to have a lien on the canteen account for that amount.
"In effect, it is requiring the inmates to be serious enough about going to court to be willing to put their canteen accounts in jeopardy to proceed with the court proceeding."
Id.
In support of HB 2492, Representative Mannix also provided the Senate Judiciary Committee with a letter from Marion County Circuit Court Judge Paul Lipscomb.[2] In the letter, Judge Lipscomb explained that he was "enthusiastic about those sections of the bill which attempt to put the brakes on the spiraling growth of the post conviction and habeas corpus cases" filed "by convicted criminal offenders demanding relief from the court." Exhibit E, Senate Judiciary Committee, HB 2326/2492, May 16, 1995 (letter by Judge Lipscomb). Judge Lipscomb supported the amendments because, in his view, "[m]ost of these cases are frivolous, wasteful of our court and criminal justice resources, and a perversion of the important social goal that post conviction cases are designed to protect: [e]nsuring the integrity of the fair and just determination of guilt and innocence in our courts." Id. Judge Lipscomb expected "that forcing prisoners to bear even a small portion of the costs of their post conviction and habeas cases will effectively discourage many of them from filing cases they themselves know to be frivolous," and he did not "think it would discourage any of *745 the meritorious cases, so long as the fees and costs imposed were within the limited means available to the prisoner through his/her canteen account."[3] Id.
In sum, we understand the legislative history of HB 2492 to reveal that the purpose was to ensure that petitioners had a modicum of skin-in-the-game when filing petitions for post-conviction relief pursuant to ORS 138.510 to 138.680 to, in turn, ensure that proceedings seeking post-conviction relief *519 would be "brought responsibly." See Tape Recording, Senate Judiciary Committee, HB 2492, May 16, 1995, Tape 167, Side A (statement of Rep Mannix).
With that background in mind, we turn to petitioner's first argument-viz. , that because petitioner is proceeding as a "financially eligible person" pursuant to ORS 138.590, "the executive director of the public defense services is required to pay [petitioner's] filing fee," not petitioner.
Petitioner posits that pursuant to ORS 138.590(6) the "expenses necessary for the proceeding" must be paid by the public defense services executive director. In petitioner's view, "filing fees" are such an "expense," because ORS 138.590(2) "states in unambiguous terms that the expenses of a post-conviction proceeding include the 'filing fee.' "
The difficulty with petitioner's argument is that ORS 138.590(6) requires only that public defense services pay "the expenses which are necessary for the proceedings upon the petition." (Emphasis added.) Because ORS 138.590(8)(b) permits the post-conviction proceeding to move forward without payment of the filing fee by charging the fee "against the petitioner's trust account," actual payment of the filing fee is not "necessary" for the "proceedings upon *746 the petition." Moreover, petitioner's proffered interpretation of ORS 138.590 is inconsistent with the legislative history of ORS 138.590, which, as described above, was intended to ensure that indigent incarcerated petitioners, who have or will have assets in their inmate trust accounts, bear some cost if they wish to bring proceedings for post-conviction relief pursuant to ORS 138.510 to 138.680.
Consequently, we reject petitioner's contention that the trial court erred by requiring that petitioner, rather than the the public defense services executive director, pay the filing fee associated with petitioner's petition for post-conviction relief.
We next address petitioner's second argument-viz. , that the post-conviction court "imposed a $ 252 monetary filing fee under the presumption that this is what is required," but that that presumption was erroneous. More specifically, petitioner contends " ORS 138.560 does not itself set any monetary amount for a post-conviction proceeding filing fee." Instead, in petitioner's view, ORS 138.560 "adopts ORS 21.135 by reference," and the filing fee imposed by ORS 21.135 can be waived or deferred under ORS 21.682 if a judge finds a party is unable to pay all or any part of the fee. We are not persuaded by petitioner's second argument.
ORS 21.135(1) establishes the filing fee for certain actions, including for proceedings for post-conviction relief brought pursuant to ORS 138.510 to 138.680. ORS 138.560(1) ; ORS 21.135(1), (2). It provides, in pertinent part:
"[A] circuit court shall collect a filing fee of $ 252 when a complaint or other document is filed for the purpose of commencing an action or other civil proceeding ***."[4]
ORS 21.682(1) gives judges authority to waive or defer fees and court costs payable to the court in civil actions or proceedings. It provides, in pertinent part:
"A judge may waive or defer all or part of the fees and court costs payable to the court by a party in a civil action *747 or proceeding, *** if the judge finds that the party is unable to pay all or any part of the fees and costs."[5]
Seemingly, the text of ORS 21.682(1), read in isolation, would allow a post-conviction court to waive the filing fee in a post-conviction proceeding brought pursuant to ORS 138.510 to 138.680. But, " 'we do not *520 consider the meaning of a statute in a vacuum; rather, we consider all relevant statutes together, so that they may be interpreted as a coherent, workable whole.' " State v. Edmonds , 364 Or. 410, 420, 435 P.3d 752 (2019) (quoting Unger v. Rosenblum , 362 Or. 210, 221, 407 P.3d 817 (2017) ).
As relevant here, the Supreme Court has instructed that " 'when one statute deals with a subject in general terms and another deals with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, while giving effect to a consistent legislative policy.' " Id. at 421, 435 P.3d 752 (quoting State v. Guzek , 322 Or. 245, 268, 906 P.2d 272 (1995) ). "That interpretive canon, referred to as 'the specific controls the general,' has in Oregon been codified by ORS 174.020(2)." Id. That statute provides that,
"[w]hen a general and particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent."
ORS 174.020(2).
As the Supreme Court explained in Edmonds , "[t]he reason for that doctrine is that 'the specific provision comes closer to addressing the very problem posed by the case at hand and is thus more deserving of credence.' " 364 Or. at 421, 435 P.3d 752 (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 183 (2012)); see also id. at 422, 435 P.3d 752 (noting the doctrine is often applied in the context of a " 'general permission that is contradicted by a specific prohibition' " (quoting Scalia & Garner, Reading Law at 183)).
*748 Considering the statutes at issue in this case, we conclude that ORS 138.590(8), not ORS 21.682(1), controls waiver of filing fees in proceedings for post-conviction relief pursuant to ORS 138.510 to 138.680 when a petitioner is "unable to pay" such fees. As a general matter, ORS 21.682(1) provides trial courts with the authority to waive fees and court costs where a party is "unable to pay" such fees and costs. By contrast, ORS 138.590(8), discussed above, deals specifically with filing fees in proceedings for post-conviction relief pursuant to ORS 138.510 to 138.680 when a petitioner is "unable to pay," and directs that, in such circumstance, the filing fee is "not waived." If we construed ORS 21.682(1) to control waiver of filing fees in proceedings for post-conviction relief, then the legislature's more specific treatment of that subject in ORS 138.590(8) would be rendered a nullity.[6] As a result, ordinary principles of statutory construction lead us to conclude that ORS 138.590(8), not ORS 21.682(1), controls waiver of filing fees in proceedings for post-conviction relief when a petitioner is unable to pay such fees.
That conclusion is also supported by the legislative history of ORS 138.590, which, as described above, was intended to ensure that indigent incarcerated petitioners, who have or will have assets in their inmate trust accounts, bear some cost if they wish to bring proceedings for post-conviction relief pursuant to ORS 138.510 to 138.680.
Accordingly, we reject petitioner's argument that the post-conviction court erred when it "imposed a $ 252 monetary filing fee under the presumption that this is what is required." As the above analysis demonstrates, ORS 21.682(1) does not authorize a trial court to "waive" all or part of the filing fee in a proceeding for post-conviction relief pursuant to ORS 138.510 to 138.680.
We turn next to petitioner's third argument-viz. , that the post-conviction court's "monetary judgment was issued without notice nor opportunity for hearing and *749 without making any findings related to petitioner's ability to pay the filing fee." Petitioner contends such "unilateral action has been held to be improper in numerous other similar contexts." We are not persuaded by petitioner's third argument.
First, we note petitioner had both notice and opportunity to be heard on waiver and deferral of fees and court costs, including the filing fee: he moved for the post-conviction court to "waive[ ] or defer[ ] *** all filing *521 fees and court costs associated with the initiation and prosecution of this post-conviction proceeding." Second, petitioner's suggestion that the post-conviction court erred because it did not make "findings related to petitioner's ability to pay the filing fee" is not well taken. It is precisely because petitioner was "unable to pay the expenses of a proceeding" that the post-conviction court had authority to charge the filing fee against petitioner's inmate trust account. ORS 138.590(1), (8). Third, although petitioner cites numerous cases where we determined that a trial court erred by imposing fees without considering a party's ability to pay, see, e.g. , State ex rel Palacios v. Rea , 179 Or. App. 431, 432, 39 P.3d 289, rev. den. , 334 Or. 491, 52 P.3d 1057 (2002), the cases cited by petitioner did not involve filing fees in proceedings for post-conviction relief pursuant to ORS 138.510 to 138.680, and, consequently, were not proceedings to which ORS 138.590(8) applied.
In light of our analysis above, we affirm the post-conviction court's limited judgment.
Affirmed.

HB 2492 also added a provision providing for recovery of the filing fee if the petitioner prevails. Or Laws 1995, ch 657, § 4.

Though Judge Lipscomb's letter references House Bill (HB) 2326 (1995), it was submitted to the Senate Judiciary Committee by Representative Mannix in support of HB 2492. HB 2326 contained proposed amendments to ORS 138.560 and ORS 138.590 similar to those ultimately enacted by HB 2492.

We note that HB 2492 established a filing fee of $ 25 for proceedings for post-conviction relief pursuant to ORS 138.510 to 138.680. Or Laws 1995, ch 657, § 4. Currently, the filing fee for such proceedings is $ 265. ORS 21.135. Petitioner notes, "[f]inancial circumstances differ," and, "[f]or some people," the filing fee "is an hourly wage," while, for others, "it represents more than a year's income." Although we take note of petitioner's point in our analysis, it is not our role to second-guess the legislature's policy choice regarding the amount of the filing fee in proceedings for post-conviction relief. See State v. Vasquez-Rubio , 134 Or. App. 646, 653, 897 P.2d 324 (1995), aff'd , 323 Or. 275, 917 P.2d 494 (1996) (noting "it is not for us to second-guess the legislature's policy choice"). We also note that petitioner has not raised a constitutional challenge to the amount of the filing fee.

Amendments to ORS 21.135 that increased the filing fee from $ 252 to $ 265 became effective on October 1, 2017. Or. Laws 2017, ch 663, §§ 2, 10. Those amendments do not apply to this case. Throughout this opinion, references to ORS 21.135 and other statutory provisions, unless otherwise noted, are to the version in effect in July 2017, when petitioner filed his petition in this case.

ORS 21.682(1) further provides that "[w]aiver or deferral under this section of the fees or court costs of an inmate *** is subject to ORS 30.642 to 30.650," which pertains to actions by inmates "against a public body." See ORS 30.642 ; ORS 30.643. "Action against a public body" expressly excludes "petitions for post-conviction relief under ORS 138.510 to 138.680." ORS 30.642(1).

This is particularly true in light of our case law indicating that, generally, a trial court abuses its discretion when it denies a fee waiver for a party that is unable to pay such fees. See, e.g. , State ex rel Baker v. Cook , 171 Or. App. 719, 720, 16 P.3d 1184 (2000).